THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL., PLAINTIFFS IN ERROR, v. MARY A BONNELL ET AL., DEFENDANTS IN ERROR.

Where the proper municipal board advertises in good faith for proposals for paving streets, and specifies the employment of the material deemed by it to be for the best interest of the municipality, the city is not debarred by any rule of law from contracting for what it wants merely because the desired material is the subject of private ownership or the product of exclusive manufacture.

On error to the Supreme Court.

For the city of Newark, *Sherrerd Depue.*

For the Barber Asphalt Company, *Joseph Coult.*

The opinion of the court was delivered by

GARRISON, J. On the 6th. day of August, 1892, the board of street and water commissioners of the city of Newark advertised for sealed proposals for the paving of certain streets. The specifications of the material to be furnished therefor, in each instance, called for the employment of genuine "Trinidad Lake" asphaltum. The board, in inviting these bids, expressly reserved "the right to accept or reject any or all proposals for the above work as they might deem for the interest of the city."

Proposals were received from two bidders, the Barber Asphalt Paving Company and the New Jersey Asphalt Company, the bid of the latter being the lower. After an investigation that occupied more than six months, the board determined that it was not for the best interest of the city to accept the proposal of the New Jersey Asphalt Company. The contracts with the Barber Asphalt Paving Company (now the subject of controversy) were thereupon awarded and executed. The examination of the board, which was directed almost wholly to the *bona fides* of the two competitors in regard to the employment of the material specified, is detailed in five hundred printed pages of testimony, with respect to which it is sufficient to say that it fails to suggest a doubt as to the honest exercise by the board of the discretion they had reserved to themselves.

The only question of law raised by the reasons on file is that the material called "Trinidad Lake" asphaltum is a proprietary article and a monopoly, in which there can be no competition. In point of fact the latter statement is not sustained by the proofs. Upon the facts proved the legal proposition is that a municipality may not contract for the material

it deems most suitable for its purpose if it be patented or the
subject of exclusive ownership or control, for that is what the
contention comes to.    Such a proposition cannot be said to be
sustained by any necessary or even by any legitimate impli-
cation to be drawn from the legislative prescription that " all
contracts shall be awarded to the lowest bidder," especially
when modified by the proviso " unless it shall appear that the
interests of the city or of the property-owners will not be
advanced thereby."    The correct rule, as I conceive it, is
stated by Chief Justice Cooley, in *Hobart* v. *Detroit*, 17 *Mich.*
246, in these words :  " The fact that an article is patented does
not necessarily prevent any person but the patentee from con-
tracting to supply it."  The obvious reasoning being that others
may contract to do so, taking the risk of obtaining the mate-
rial or the patentee's license to use it.    The primary objects
of care in the legislative provision for competition are the
public and private interests committed to municipal agencies,
not the convenience of contractors or the protection of their
profits.    Upon this point the case *In re Dugro*, 50 *N. Y.* 513,
appears to me to be a satisfactory authority.    The case of *Kean*
v. *Elizabeth*, 6 *Vroom* 351, is not in point and does not decide
the proposition stated in its syllabus.    All that is decided by
that case is that the petition of property-owners did not repre-
sent one-half of the running feet along the line of the proposed
improvement.    The view expressed by Mr. Justice Scudder
upon the legal doctrine was not regarded by him as dispositive
of the case, which turned, as he deemed, and rightly so, upon
the application to the facts of a pertinent supplement directly
in point.    Moreover, that case concerned not the employment
of a proprietary material, but the exclusive local right to put
down a patented pavement, which raises a somewhat different
question, with respect to which no opinion is now expressed.
There is in the present case nothing to show that the proposals
were not invited in good faith, nor that the specification of
material was not, in point of fact, for the best interests of the
city.    In such a state of affairs the city is not legally debarred

from contracting for what it wants, merely because the desired material is the subject of private ownership or the product of exclusive manufacture.

The judgment of the Supreme Court should be reversed.

*For affirmance*—KRUEGER.  1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, MAGIE, BOGERT, BROWN, GREEN, SMITH.  9.