LORENZO BYE ET AL., PROSECUTORS, v. ATLANTIC CITY.

Argued June 6, 1906—Decided October 26, 1906.

1. A municipal council may determine, in the exercise of the discretion vested in it, to pave a public highway with a special or patented material, and to ask for bids upon such material alone, when the price at which anyone may obtain the patented material is definitely fixed, and known to be obtainable by all at such price, before the bids are asked for.

2. Under the supplement approved May 2d, 1906, to the general act relating to cities, approved April 3d, 1902, under which Atlantic City is incorporated, ten days' notice only is required of the introduction of an ordinance for any contemplated public improvement.  This act supersedes the notice required by the act of 1895.  *Pamph. L.,* p. 559.

3. It is within the right and power of a municipality to award a contract for public work as an entirety, rather than to parcel it out, where it is evident that the entire work can be done with greater expedition and better results under a single contract.

---

On application for a writ of *certiorari.*

Before Justices FORT and REED.

For the application, *Clarence L. Cole* and *Godfrey & Godfrey.*

*Contra, George A. Bourgeois* and *Harry Wootton.*

The opinion of the court was delivered by

FORT, J. This is an application for a *certiorari* to review the action of the city council of the city of Atlantic City, in awarding a paving contract for the paving of Atlantic avenue with bitulithic pavement.

One of the prosecutors, the Cleveland Trinidad Paving Company, appears to be without standing to apply for the writ in this case. The basis of its claim of right to call in question the action of the city council is that some time ago the city awarded it a contract for paving the same avenue, but it is admitted that this court, in Sears *v.* Atlantic City, set that contract aside, and the judgment of this court therein has been affirmed by the Court of Errors and Appeals. This would seem to leave the Cleveland company without standing on this application, unless they may be deemed to be a competitive bidder on the contract sought to be reviewed by the writ applied for, but we do not so consider them under the affidavits and other proof presented.

Several reasons are urged for allowing the writ in this case, the first being that the paving material contracted for in this case is a patented article, but this is not an objection, as was held by the Court of Errors and Appeals in *Bonnell v. Newark,* 28 *Vroom* 424. To the same effect is *Ryan v. Paterson,* 37 *Id.* 533. The selection of the bitulithic material for paving in this case appears to have been made by the city council after a most thorough investigation, and full conference with property owners, public bodies and citizens generally. The council determined, in the honest exercise of the discretion vested in it, to pave with this material, and to ask for bids upon it alone. All materials to be used were specified, and prices, at which they could be obtained by any bidder, fixed by the patentee, and there is no proof before us of any fraud or collusion in the price or among bidders. True, it was suggested on the argument, but suggestion is not proof.

A city council has the right to contract for the use of such special or patented pavement as it may in the exercise of an honest discretion find to be the most suitable for the work contemplated.

The suggestion of the prosecutor is that at the price fixed for the bitulithic material, when taken in connection with the cost of the foundation and other work, others were unable to bid, in competition with the successful bidder, if they were to reap any profit upon the contract. This does not appeal to us as a forceful argument. It may be that the successful bidder in this case has bid at a low price and little profit, in order to demonstrate the character and durability of his product.

It was contended that there was not a proper notice to the landowners of the intention to introduce the paving ordinance in this case, the allegation being that, by the act of 1895 (*Pamph. L., p.* 559), the advertisement is required to be for a period of two weeks, but the complete answer to this is that, by a supplement to the general act "relating to, regulating and providing for the government of cities," approved April 3d, 1902, which supplement was approved May 2d, 1906, and under which act Atlantic City is incorporated, but ten days' notice of such introduction is required. We think this act applies and supersedes the act of 1895 as to Atlantic City.

It was suggested that the act approved May 2d, 1906, was approved after the legislature adjourned, and was therefore unconstitutional, because beyond the power of the governor to approve. Nothing appears before us upon this question, except the mere statement of counsel, and we do not deem this sufficient to justify the allowance of a writ, even if, in our view, there was any force in the suggestion, upon which no opinion is expressed.

It was also contended that bids were filed for some of the work mentioned in the proposals at a less rate than the bid of the successful bidder, who bid for the whole work, but these items were trivial, as compared with the whole work,

and the council had solicited bids for the whole work only, which we think was within their right, and they were justified in refusing to parcel out parts of an entire contract. It is evident that the entire work can be done with greater expedition and better results under a single contract, as the various parts of the work are so interwoven in the construction as to make it advisable that the entire work be under the control of the same contractor.

We can find no basis for holding up this important public work in any of the reasons urged upon the application for the writ, and the *certiorari* is denied.