JAMES F. KELLY, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ESSEX ET AL., RESPONDENTS.

Argued June 6, 1917—Decided June 19, 1917.

A municipality cannot lawfully reject the bid of the lowest bidder, where the law requires the awarding of a contract to the lowest responsible bidder, upon the ground that he is not responsible, without giving him a hearing, and a finding that he is not responsible rested upon proper facts.

On *certiorari.*

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Ralph E. Lum.*

For the respondents, *Harold A. Miller.*

The opinion of the court was delivered by

BERGEN, J.   The respondent the board of chosen freeholders of the county of Essex advertised for bids for the plumbing

and gas fitting work necessary for a greenhouse and a gardener's cottage connected with a county hospital.

The prosecutor was the lowest bidder by one dollar, but the contract was awarded to the next highest bidder, and it is to review this award that the writ of *certiorari* was allowed in this case. The difference in the bids is small, but the principle involved is applicable to all bids and cannot be evaded because, in this instance, the amount is small, for the controlling legal rule must be applied in all cases without regard to sum involved. The minutes of the meeting of the board at which the bids were opened and considered show that after the bids were opened the architect reported that the bid of James F. Kelly was the lowest, and that thereupon it was "moved that on account of the unsatisfactory work done in the past by this firm for the county, that the bid be rejected. Seconded and carried," and that then the contract was awarded to the next highest bidder. The testimony taken in support of this action justifies the inference that a firm with whom the prosecutor was at one time connected had not satisfied the board with regard to work which it had done for it, but, so far as the testimony goes, it affords no ground for any inference that prosecutor was responsible for the ground of complaint, but, assuming that his bid was rejected upon the ground that the board did not consider him a responsible bidder, the action was taken without giving him a hearing or making a finding that he was not a responsible bidder. The board has no right to arbitrarily reject a bid on that ground. The bidder has a right to be heard and to a determination of the question, which must have the support of proper facts in order that the rejected bidder may have an opportunity to review the action taken and the sufficiency of the proof upon which it is rested.

In *Faist* v. *Hoboken,* 72 *N. J. L.* 361, this court said: "If there be an allegation that a bidder is not responsible he has a right to be heard upon that question, and there must be a distinct finding against him, upon the proper facts, to justify it," and in *Harrington's Sons Co.* v. *Jersey City,* 78 *Id.* 610, Mr. Justice Swayze said: "If the provisions had been that the

contract should be awarded to the lowest responsible bidder, it would have been necessary, before deciding adversely to the prosecutors on that question, to give them a hearing." This holding was approved by the Court of Errors and Appeals, on appeal of the same case, *Id.* 614. The law has thus been settled in this state that before the lowest bid can be rejected, where the statute requires that a contract shall be awarded to the lowest responsible bidder, upon the ground that such bidder is not responsible, without giving him a hearing, and a distinct finding against him that he is not a responsible bidder upon facts which warrant such a conclusion. No such hearing was afforded the prosecutor in this case, nor was there any determination that he was not a responsible bidder, based upon proper facts, and therefore the resolution awarding the contract, and the contract made in pursuance of the award, will be set aside. The respondent relies in justification of its conduct on *McGovern* v. *Board of Works, 57 Id.* 580, but that case involved an entirely different statute requiring the awarding of the contract to the lowest bidder giving satisfactory proof of his ability to furnish the materials and perform the work properly, and to offer security for the faithful performance of the contract, which is quite different from the present act requiring the award to be made to the lowest responsible bidder, a distinction pointed out by Mr. Justice Garrison, in speaking for the Court of Errors and Appeals, in the Harrington case. And in the McGovern case Mr. Justice Lippincott said that if the charter of the city of Trenton provided that contracts "should be awarded to the lowest bidder, the action of the governing board in this matter would be set aside as an unauthorized exercise of power," and when we have added only that the lowest bidder shall be responsible, our courts have held that the question of responsibility is one of fact to be decided only after the bidder has been heard.

In addition to this, the rejected bidder was, in the case last cited, accorded a hearing with the assistance of counsel.

It is to be regretted that the municipality may be put to additional expense in readvertising and awarding another contract, but we can find no way to avoid it. The responsibility

for it rests with the public board which disregarded a settled rule of law, by action, which, if approved, would nullify the statute and permit its willful avoidance by the arbitrary action of municipal bodies, for, if permitted where the difference is one dollar, the same principle would apply to a like unauthorized action if the difference was thousands, and permit favoritism in the awarding of all contracts.

The prosecutor may enter an order setting aside the resolution awarding the contract and the contract rested upon it.