S. JOHN FRANKLIN, PROSECUTOR, v. JOHN S. HORTON, CITY CLERK OF MILLVILLE, THE CITY OF MILLVILLE, AND W. E. S. TEMPLE, DEFENDANTS.

Argued November 2, 1921—Decided February 23, 1922.

1. By virtue of sections 1 and 2 of article 24 of chapter 152 of laws of 1917 (*Pamph. L.*, *p.* 410), the city of Millville has power to construct an electric light distributing system for public lighting, and to employ an electrical engineer to prepare plans and specifications therefor.

2. The city of Millville may employ an electrical engineer to prepare plans and specifications "for an electric light distributing system for public lighting," without adopting an ordinance "for the construction of a municipal lighting plant," since by virtue of sections 1 and 2 of article 24 of the laws of 1917 (*Pamph. L.*, *p.* 410) the governing body of the city may cause such distributing system to be constructed either by the municipality or by a contractor who engages to furnish street lighting for a stated term.

3. The preparation of plans and specifications for an electric light distributing system for public lighting as authorized by sections 1 and 2 of article 24 of laws of 1917 (*Pamph. L.*, *p.* 410) is not work or the furnishing of materials, supplies or labor which must be awarded to the lowest responsible bidder, after public advertisement, under the provisions of section 1 of article 11 of *Pamph. L.* 1917, *p.* 347, as amended by *Pamph. L.* 1920, *p.* 572.

4. An ordinance of a city authorizing the making of a contract with an electrical engineer for the preparation of plans and specifications for an electric light distributing system for public lighting is valid as against an objection that, at the time of the adoption of the ordinance, there was no appropriation of funds to pay for such services, it appearing that the ordinance itself provided that the cost of such services ($2,700) should be included in the tax levy and the money temporarily raised by temporary notes under the provisions of section 13 of chapter 252 of the laws of 1916 as amended by *Pamph. L.* 1921, *p.* 243.

On *certiorari*, &c.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the prosecutor, *Lewis Starr*.

For the defendant city of Millville, *Louis H. Miller*.

The opinion of the court was delivered by

TRENCHARD, J. On August 19th, 1921, the board of commissioners of the city of Millville adopted an ordinance which reads:

"An ordinance providing for the preparation of plans and specifications for an electric light distributing system for public lighting in the city of Millville.

"The board of commissioners of the city of Millville do ordain:

"1. That W. E. S. Temple, electrical engineer, be employed at a total cost not to exceed $2,700, on the terms proposed in his letter dated July 28th, 1921, and filed July 29th, 1921, with the city clerk, to prepare plans and specifications for an electric light distributing system for public lighting, and to supervise the erection of such system, and the mayor and

clerk are authorized to execute a contract in writing under the seal of the city for that purpose.

"2. In order to pay for the said services of said engineer an item in said amount of $2,700 shall be included in the tax levy for the year 1922; and in order to provide, temporarily, for the raising of said moneys, temporary notes of the city for said amount or so much thereof as may be necessary shall be issued under the provisions of section 13 of chapter 252 of laws of 1916, page 525, as amended. *Pamph. L.* 1921, *p.* 243. Said notes shall mature two years after date and shall be paid out of the tax levy for 1922. Said notes shall be issued from time to time, in such amounts and in such form as the board of commissioners may, by resolution, determine.

"3. This ordinance shall take effect immediately."

That ordinance is brought up for review and its validity is challenged for reasons which we will now state and consider.

The prosecutor maintains that at the time of the adoption of the ordinance, the city did not possess any power or authority to construct an electric light distributing system for public lighting, nor to employ an engineer to prepare plans and specifications therefor.

We think it had. In *Livermore* v. *Millville,* 85 *N. J. L.* 655, it was held that the city had power to construct an electric light distributing system for public lighting, by virtue of the act of 1894. *Pamph. L.* 1894, *p.* 477; *Comp. Stat., p.* 3548. That act was, however, supplanted by the provisions of sections 1 and 2 of article 24 of chapter 152 of laws of 1917 (*Pamph. L., p.* 410), commonly known as the "Home Rule act," which embodied the essential features of the act of 1894 and conferred upon the city the like powers in the respect now in question.

Since the act of 1917 confers authority on the city to cause its streets to be lighted and to erect and maintain on or under its streets all necessary poles, conduits, wires, fixtures and equipment to light the streets at public expense, it follows that it may, by appropriate proceedings, cause to be prepared plans and specifications for such work.

The prosecutor, however, in his·brief, points out that "the return to the writ does not show that Millville had ever adopted an ordinance for the construction of any municipal lighting plant," and contends that therefore it had "no power to employ an engineer to prepare plans and specifications for a municipal lighting system."

But that contention ignores the precise character of the municipal action challenged by this writ. It was to employ an engineer to prepare plans and specifications "for an electric light distributing system for public lighting," and we think that may be done without adopting an ordinance "for the construction of a municipal lighting plant," since by virtue of sections 1 and 2 of article 24 of laws of 1917, the governing body of the city may cause such distributing system to be constructed either by the municipality or by a contractor who engages to furnish street lighting for a stated term.

It is next urged that the expenditure authorized by the ordinance, being in excess of $500, was prohibited by section 1 of article 11 of *Pamph. L.* 1917, *p.* 347, as amended by *Pamph. L.* 1920, *p.* 572.

We think not. That section provides that no municipality shall enter into any contract involving an expenditure in excess of $500, "for the doing of any work or for the furnishing of any materials, supplies or labor," unless the governing body shall first publicly advertise for bids therefor, and shall award the contract to the lowest responsible bidder. And we think that provision has no application to a contract with an engineer for the preparation of plans and specifications for an electric light distributing system, because such services require scientific knowledge and professional skill and are not comprehended by the legislative designation "work," "materials," "supplies" and "labor." *Heston* v. *Atlantic City,* 93 *N. J. L.* 317.

Finally it is contended that, "at the time of the passage of the ordinance, the city was without funds either appropriated or legally raised, to pay Temple for his services in making the plans and specifications," and hence the ordinance was invalid.

But we think that contention without foundation either in fact or in law.

The ordinance itself provided that the cost of the services ($2,700) should be included in the tax levy, and the money temporarily raised by temporary notes, and that course is authorized by law and amounts to an appropriation for the purpose. Section 1 of chapter 252 of *Pamph. L.* 1916, *p.* 525, as amended by *Pamph. L.* 1917, *p.* 803, authorizes the issue of bonds by municipalities to pay for any improvement which it is authorized by law to make or for any other purpose which it is authorized by law to undertake or for which it is authorized or required by law to make an appropriation. By section 13 of the law (*Pamph. L.* 1916, *p.* 539; amended, *Pamph. L.* 1921, *p.* 243), any municipality may temporarily finance the carrying out of any purpose for which it is therein authorized to issue bonds by borrowing money and issuing from time to time *temporary notes* or temporary bonds. By section 14 (j) of the act as amended by *Pamph. L.* 1921, *p.* 247, it is provided that the authorization of bonds or the authorization of *temporary notes* or temporary bonds shall be deemed *an appropriation* for the purpose for which said bonds or temporary notes or temporary bonds are authorized, and after such appropriation has been made, contracts may be let for amounts within the amounts so appropriated, notwithstanding that the proceeds of sale of such temporary notes or temporary bonds shall not then be in hand.

These observations dispose of every question raised by the reasons and argued.

The ordinance under review will be affirmed, with costs.