AMERICAN WATER CORPORATION, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF FLORHAM PARK, NEW JERSEY, AND LAYNE-NEW YORK COMPANY, RESPONDENTS.

Submitted May 13, 1927—Decided October 25, 1927.

**Municipalities—Contracts—Water Supply—Bids Advertised for and Submitted—Both Unofficially Held Too High—At Request Both Reduced to the Same Amount—Award to One of the Two Bidders—Legal Reasons Not Apparent for Doing so, Award Will be Set Aside.**

On rule to show cause why a writ of *certiorari* should not issue.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Hopkins & Herr.*

For the respondents mayor and council of the borough of Florham Park, New Jersey, *Robert E. Burke.*

For the respondent Layne-New York Company, *Hobart & Minard.*

PER CURIAM.

This case is before us on a rule to show cause why a writ of *certiorari* should not be allowed to review three resolutions passed by the mayor and council of the borough of Florham Park at a meeting of the borough council held on April 4th, 1927. These resolutions refused to award a contract for the digging of a well and installing of a pump and appurtenances to the American Water Corporation, rejected the bid of that company, and awarded the contract to the Layne-New York Company.

The case, by stipulation, is to be treated as though a writ of *certiorari* had been granted. The proofs taken under the rule to show cause present all the testimony relative to the case. Reasons have been filed by the prosecutor and are printed in the record.

The borough of Florham Park, in the county of Morris, desired to improve its water supply. An engineer of high standing was consulted. He prepared plans and specifications for the improvements desired. Bids were advertised for. Two bids were submitted, one of the American Water Corporation (the prosecutor), computed by the engineer to amount to $19,400, and one of the Layne-New York Company which was computed by the engineer to amount to $22,350. These bids were opened and read at a council meeting held on February 23d, 1927. They were laid over for further consideration. The mayor and members of the council in the meantime visited installations made by the respective bidders. On April 3d, 1927, a Sunday afternoon, the matter was informally discussed by the mayor and members of council. The engineer of the borough was present. He said that in his opinion both bids were too high and recommended that both be rejected and that the borough re-advertise the work. This suggestion was not satisfactory to the mayor and council because of the delay incident to re-advertising. It was then suggested that the engineer write a letter to the prosecutor asking if he would be willing to accept a contract from the borough to do the work as outlined in the specifications subject to certain conditions, not given in the specifications, for

$17,000. This was done. At the same time a similar letter was written and sent to the Layne-New York Company. In replies each bidder agreed to do the work for $17,000. In the answer of the American Water Corporation it was stated by them that as their bid was the lowest they felt that they should have the contract. The Layne-New York Company, in its answer, suggested an extension of time within which the work should be done.

The borough took no action on the letters and replies thereto. At a meeting of the council held on April 4th three resolutions were introduced. The first was to accept the bid of the American Water Corporation. This was lost by a vote of four to three. The second was that the bid of the American Water Corporation be rejected. This was passed by a vote of four to three. The third resolution was for the acceptance of the Layne-New York Company bid. This was passed by a vote of four to three. There was no question as to the financial responsibility of either bidder or as to the sufficiency of the equipment of ability of either bidder to do the work. The engineer had advised the council that both bidders could do the work.

The reasons assigned for setting aside the award to the Layne-New York Company are ten. Many of them state the same reason in several forms. There are but two questions which we will consider in the disposal of the present controversy. The first is, was the borough obliged to award the contract to the lowest responsible bidder, and did it do so? The second is, was there any hearing afforded to the prosecutor before the rejection of its bid (the lowest) as to its responsibility and ability to do the work, and was such a hearing necessary before its bid could be rejected on this ground?

Taking up the first question the evidence is conclusive that the prosecutor was the lowest bidder. The engineer so found and a reference to the bids of both bidders verifies this. The statute (*Pamph. L.* 1925, *p.* 367) provides that:

"No municipality shall enter into any contract for the doing of any work  *  *  *  where the sum to be expended

exceeds the sum of one thousand dollars, unless the governing body shall first publicly advertise for bids therefor, and shall award the said contract for the doing of said work * * * to the lowest responsible bidder."

Under this statute the borough was obliged to award the contract to the prosecutor as being the lowest bidder unless there was evidence that would justify a belief on the part of fair minded and reasonable men that the lowest bidder would be unable to perform its contract. *Paterson Contracting Co.* v. *Hackensack,* 99 *N. J. L.* 260. One who is the lowest bidder is entitled to a hearing as to his responsibility before his bid is rejected. *Breckenridge & Tichenor* v. *Newark,* 95 *Id.* 436; *Kelly* v. *Freeholders of Essex,* 90 *Id.* 411. The record discloses that there was no opportunity afforded the prosecutor to show its responsibility. The rejection appears to have been induced by a belief on the part of some of the members of council that the Layne-New York Company had constructed more wells and possibly possessed more imposing equipment. The defendants argue that a hearing was afforded the prosecutor because its representative was present and participated in the discussion of his company's ability to do the work. We think there is no merit in this contention. The discussion was informal. There was no notice given the prosecutor that its responsibility as a bidder was questioned. There was no opportunity afforded it to present testimony before the council on this point. In fact, we do not think it was the intention of the members of council to question the prosecutor's responsibility as a bidder. If so they took no proper procedure to do it.

The judgment of this court is that a writ of *certiorari* be deemed to have been issued bringing up the resolutions and proceedings awarding the contract to the Layne-New York Company, and that said proceedings, including the award of the contract to the Layne-New York Company, be set aside. An order to this effect may be entered, with costs to the prosecutor.