HAHN MOTOR TRUCK CORPORATION, PROSECUTOR, v. CITY OF ATLANTIC CITY ET AL., RESPONDENTS.

Argued October 17, 1927—Decided February 25, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Isaac H. Nutter* and *Robert H. Mc-Carter.*

For the respondents, *Joseph B. Perskie* and *Thompson & Hanstein.*

PER CURIAM.

This case is before this court upon a writ of ·*certiorari.* The writ is directed to the city of Atlantic City. It brings up for review a resolution of the board of commissioners of the city of Atlantic City accepting the bid of the American LaFrance Fire Engine Company, Incorporated (hereinafter called the American Company), for furnishing four one

thousand gallons each, six cylinder, gasoline driven, triple combination pumpers, chemical and hose wagons, equipped with Ross thawing device. On March 31st, 1927, the board of commissioners passed an ordinance for the purchase of the apparatus for the fire department above described. The ordinance authorized the director of public safety to advertise for bids under specifications to be submitted by the bidders. The contract was to be awarded to the lowest responsible bidder or bidders offering to furnish the apparatus under specifications acceptable to the board of commisioners. The ordinance provided for payment to be made out of the proceeds of bonds to be issued for fire department purposes. In pursuance of this ordinance advertisements were published that bids would be received. Bids were submitted. Specifications were submitted with each bid. There were five bids. The Hahn Motor Truck Corporation (the prosecutor) was the lowest bidder. The contract, however, was awarded to the American Company, a higher bidder. The reason for selecting the apparatus of the American Company appears from the record to have been that most of the apparatus in use by the fire department of Atlantic City was of this make; that it had given satisfaction, and that renewal parts therefor could be easily obtained. A minor reason appears to have been that an agent of the Hahn Motor Truck Corporation told the chief of the fire department that if their apparatus was selected they would donate to the pension fund three per cent. of the amount of the purchase price. This offer appears to have hastened the award of the contract to the American Company. The Hahn Motor Truck Corporation then applied for and obtained the writ of *certiorari* for a review of this award.

The prosecutor claims that it was the lowest bidder and was, hence, entitled to the award of the contract. We think the award to the American Company was fully justified. One of the conditions advertised in the notice of purchase of the fire apparatus was that bidders must submit with their bids pictures of the apparatus intended to be furnished. The apparatus for which bids were asked for were one thousand

gallon pumpers. The prosecutor submitted a picture of a seven hundred and fifty gallon machine. It appears that the prosecutor had made no one thousand gallon machines. This constitutes a failure to comply with the requirements of the bid in a material matter. *Case* v. *Trenton,* 76 *N. J. L.* 696. An intending purchaser would naturally desire to see a true picture of the apparatus to be furnished. This omission to submit a true picture was a sufficient ground for the rejection of the bid.

There is also a broader ground which sustains the award to the American Company. The only statute requiring competitive bidding is that contained in chapter 319 of the laws of 1920. *Pamph. L.* 1920, *p.* 572. This statute reads as follows:

"No municipality shall enter into any contract for the doing of any work, or for the furnishing of any material, supplies or labor, the hiring of teams or vehicles where the sum to be expended exceeds the sum of $500, unless the governing body shall first publicly advertise therefor, and shall award the said contract for the doing of said work, or the furnishing of such materials, supplies or labor to the lowest responsible bidder, &c."

It seems to us that the provisions of the above statute are not applicable to the purchase of fire apparatus. One who furnishes apparatus is not furnishing materials and supplies in the sense these words are used in the statute. No city could draft specifications for fire apparatus which would apply to all fire apparatus of the kind desired. There can be no standard specifications for such apparatus. Each manufacturer makes his apparatus under patents, processes or designs different from that of other manufacturers. It is these differences which support the claim of the superiority of apparatus made by each manufacturer over that manufactured by his competitors. We think a city purchasing fire apparatus has some discretion, within proper limits, as to the apparatus which it will purchase. *Hammonton* v. *Elvins,* 101 *N. J. L.* 38.

The award of the contract to the American Company is affirmed. The writ of *certiorari* is dismissed, with costs.