AUTOMATIC VOTING MACHINE COMPANY, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF BERGEN COUNTY ET AL., DEFENDANTS.

JOHN GOURYEB, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF BERGEN COUNTY ET AL., DEFENDANTS.

Argued May 4, 1938—Decided May 20, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the prosecutor Automatic Company, *Francis V. D. Lloyd.*

For the prosecutor Gouryeb, *George Bratt, Jr.*

For the intervenors, Bergen County Board of Elections, *Emil M. Wulster.*

For the defendant Board of Chosen Freeholders, *Walter G. Winne.*

For the defendant Shoup Voting Machine Corporation, *George F. Losche.*

The opinion of the court was delivered by

PARKER, J. These two rules to show cause, made by a justice of this court, look toward a formal review of the action of the Bergen County Board of Freeholders in awarding a contract for a large number of voting machines to be used in Bergen county elections, to the defendant Shoup Corporation.

The claims of the prosecutors are fundamentally based on the proposition of law, that the contract must be awarded after competition to the lowest responsible bidder, and the proposition of fact (which is true) that this was not done. The Automatic Company holds a rule as the alleged lowest bidder, and the prosecutor Gouryeb prosecutes his rule as a citizen and taxpayer. There are some minor points which will be considered in their proper place.

The statute applicable is *Rev. Stat.* 40:25-2, relating to counties, which forbids contracts "for the doing of any work or the furnishing of any materials, supplies or labor" * * * "where the sum to be expended exceeds one thousand

dollars, without first publicly advertising for bids therefor. All such contracts shall be awarded to the lowest responsible bidder." The language is substantially identical with *Rev. Stat.* 40:50-1 relating to municipalities.

We are clearly of opinion that the statute is not applicable. This is not a contract for the doing of any work, or the furnishing of labor, or materials or supplies. It is in line with the contract considered in *Franklin* v. *Horton,* 97 *N. J. L.* 25, for preparing plans and specifications for an electric light plant; and particularly with those considered in *Hammonton* v. *Elvins,* 101 *Id.* 38; in *Hahn Motor Truck Corp.* v. *Atlantic City,* 6 *N. J. Mis. R.* 234, and *Simmons* v. *Mayor, &c., Ibid.* 902. These cases related to fire engines, which, like voting machines, are a highly specialized class of machinery subject to patents and special processes. In the same volume, at page 374, is the case of *Petterson* v. *Board of Education,* relating to an oil burner. In all these cases this court consistently held, and apparently without appeal, that the act requiring competitive bidding after advertisement did not apply. The same reasoning of course covers the case of counties, as the statutory language is similar. The statute that does apply to voting machines is *Rev. Stat.* 19:48-2, requiring approval and certification by the secretary of state. This has been complied with by both the competing parties.

The first point made for the rules is that the contract was not awarded to the lowest bidder.

The Shoup Company bid $1,146 per machine for electrical plus manual operation, and $878 for manual operation alone. This $878 was the lowest bid, as the Automatic bid for a manually operated machine—its only bid—was $1,038.42. Automatic, as a competitor, has no status to attack the award on this ground, not being the lowest bidder. But while prosecutor Gouryeb as a taxpayer seems to have a status, even he cannot succeed, as the statute does not apply. It is claimed that the $878 machine was not offered for examination as required by the advertisement. The duplex machine was so offered and according to the evidence is identical with the manual machine except that the electric attachment is

omitted. However, we may as well say at this time, as was said in one or more of the cited cases, that unless the statute controlled, the advertisement, specifications, opening of bids, and other formal procedure, were not legally necessary and were not controlling on the board. The case shows that only two makes of voting machine have been approved by the secretary of state, and those two are involved in this case. The choice between them is by law committed to the sound discretion of the board, which could waive requirements in its own voluntary specifications and select the machine deemed best for its purposes at a fair price. So the fact, if it be a fact, that Shoup Company did not "own" the patents it used, but only "controlled" them, is in no way binding on the board, although the specifications called for ownership.

We conclude, then, that there was no legal error in selecting the duplex Shoup machine and awarding the contract therefor; and that no abuse of discretion is made to appear.

This result leads to discharge of both rules to show cause.

The County Board of Elections has applied for leave to intervene in these cases in opposition to the rules to show cause. In view of the result we have reached, and of the fact that no appeal will lie, this intervention becomes needless.

Under the circumstances of the case we think no costs should go as against any party. The rules to show cause will be discharged.