HARRY SOLOMON, HERMAN SOLOMON, HILLEL SOLOMON, JACK SOLOMON AND MARTHA SOLOMON, PARTNERS, TRADING AS THE FAIRMOUNT MOTOR SALES, PROSECUTOR, v. CITY OF NEWARK, A MUNICIPAL CORPORATION; DIAMOND T. AGENCY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; REO SALES AND SERVICE OF NEWARK, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND THE AUTOCAR SALES & SERVICE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Submitted January 20, 1948—Decided June 4, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the prosecutors, *Jack Solomon, pro se* (*Sidney M. Schreiber,* of counsel).

For the defendant City of Newark, *Thomas L. Parsonnet* (*Thomas M. Kane,* of counsel).

For the defendant Diamond T. Agency, Inc., *Charles Handler*.

The opinion of the court was delivered by

BURLING, J. The prosecutors have applied to this court *en banc* for a writ of *certiorari* to review the action of the Board of Commissioners of the City of Newark, in awarding contracts by resolution made October 8th, 1947, for the purchase of eighty-eight motor truck chassis, following a denial of a writ by Mr. Justice Bodine. Bids for the chassis in question were invited by advertisement and were received on September 12th, 1947. Prosecutors were unsuccessful in their bid and at the time of the award made charges to the City Commission that the award was dictated by political considerations which charges they failed to support although given opportunity to do so. They now contend that the award of the contract to the successful bidders was void because *R. S.* 40:50–1 requires that contracts for the doing of any work, or for the furnishing of materials, supplies or labor, or the hiring of teams or vehicles shall, when the amount to be expended exceeds $1,000, be advertised and awarded to the lowest responsible bidder, which in the instant case, prosecutors assert themselves to be.

The error in this contention lies in the fact that it is settled law that a contract of this nature is one for apparatus and not for materials or supplies. *Peter's Garage, Inc.,* v. *Burlington* (*Supreme Court,* 1939), 121 *N. J. L.* 523; affirmed (*Court of Errors and Appeals,* 1939), 123 *Id.* 227 (purchase of trucks) ; *Automatic Voting Machine Co.* v. *Freeholders of Bergen County* (*Supreme Court,* 1938), 120 *Id.* 264 (voting machines) ; *Simmons* v. *Mayor and Council of the Borough of Wenonah* (*Supreme Court,* 1928), 6 *N. J. Mis. R.* 902 (fire truck and miscellaneous equipment) ; *Hahn Motor Truck Corp.* v. *Atlantic City* (*Supreme Court,* 1928), 6 *Id.* 234 (combination pumper, chemical and hose wagon) ; *Hammonton* v. *Elvins* (*Supreme Court,* 1924), 101 *N. J. L.*

38 (chemical engines and truck chassis). This interpretation of the statute over such a period of time without amendment by the legislature is indicative that such construction is in accord with the legislative intent. *State* v. *Moresh* (*Court of Errors and Appeals,* 1938), 122 *Id.* 77, 79.

Assuming, however, that the statute did apply, we are nevertheless of the opinion that the writ should not issue. Not only is prosecutor in laches, *Bullwinkel* v. *East Orange* (*Supreme Court,* 1926), 4 *N. J. Mis. R.* 593, but it appears that he did not comply with the specifications of the city and consequently has no standing in this court. *Tufano* v. *Cliffside Park* (*Supreme Court,* 1932), 110 *N. J. L.* 370.

We have examined every reason urged by prosecutors and conclude that they are without merit. The application is therefore denied.