The primary question is whether automobile tires and tubes are materials or supplies within the meaning of our statute which requires that a county government's contracts for "the furnishing of any materials, supplies or labor" shall be awarded to the lowest responsible bidder, R.S. 40:25-2.
The purchasing agent of Middlesex County, by order of the Board of Freeholders, advertised for tires and tubes. The specifications were meagre, — for example, "Eight — 1100 x 20 — 12 ply, mud grip tires with tubes to match." Although plaintiff, offering Fisk tires and tubes, was the lowest responsible bidder, the contract was given to the defendant, Hardy Tire Supply, Inc., a dealer in Goodyear tires, whose bid was slightly higher. The Board of Freeholders acted on the recommendation of their purchasing agent, — that while the Fisk is a good tire, it is not generally considered as serviceable as a Goodyear. Thereupon, this action was brought to set aside the award to the Hardy Tire firm and to compel the Freeholders to accept plaintiff's bid. The Law Division summarily dismissed the complaint on motion supported by affidavit of the treasurer of the Hardy Tire Supply that the Fisk tire and tube and the Goodyear tire and tube have each distinct patented features which the other does not have, and that Fisk tires are inferior to Goodyear. But plaintiff presented an answering affidavit by the director of the Tire Development Department of the manufacturer of Fisk tires that they are in every respect equal, if not better than the Goodyear or any other rival tires.
If the statute, R.S. 40:25-2, does not govern the purchase, then the circumstance that the purchasing agent advertised for bids does not limit the discretionary power of the Freeholders to disregard the bidding and to make such contract as they consider most advantageous to the county. Oakley v. Atlantic City,63 N.J.L. 127 (Sup. Ct. 1899); *Page 82 Peter's Garage v. Burlington, 121 N.J.L. 523; affirmed, 123Id. 227 (1939). But where the statute applies, it is mandatory, leaving no room for discretion, except to give the contract to the lowest responsible bidder or else to reject all bids.Armitage v. Newark, 86 N.J.L. 5 (Sup. Ct. 1914); PatersonContracting Co. v. Hackensack, 99 N.J.L. 260 (E. A. 1923);American Water Corp. v. Florham Park, 5 N.J. Misc. 969 (Sup.Ct. 1927). Besides the statutory provision which is the immediate subject of our attention, note should be taken of the similar regulation of municipal purchases, R.S. 40:50-1, and the act that governs state buying, R.S. 52:34-1. The last is a little broader in language than the municipal or county law; it includes "goods, chattels, supplies or materials of any kind." The purpose of such enactments is to secure economy in the government and to avoid corruption and extravagance. Tice v.Long Branch, 98 N.J.L. 214 (E. A. 1922); Harlem GaslightCo. v. New York, 33 N.Y. 309, 329 (1865).
The statute does not apply where the nature of the work to be done or the item to be bought is such that competitive bidding is impractical. Thus the auditing of the accounts of a municipality, or the planning of an electric light distribution system is not work that must be given to the lowest bidder. Heston v. AtlanticCity, 93 N.J.L. 317 (Sup. Ct. 1919); Franklin v. Horton,97 N.J.L. 25; affirmed, 98 Id. 262 (1922). And fire apparatus, voting machines and automobile trucks and chassis, are not materials or supplies that must be bought from the lowest bidder. Hammonton v. Elvins, 101 N.J.L. 38 (Sup. Ct. 1925);Automatic, etc., Co. v. Bergen, 120 N.J.L. 264 (Sup. Ct.
1938); Peter's Garage v. Burlington, 121 N.J.L. 523 (Sup.Ct. 1939); Solomon v. Newark, 137 N.J.L. 247 (Sup. Ct.
1948). The distinction made in these cases is between apparatus on the one hand and materials and supplies on the other. "There can be no standard specifications for such apparatus. Each manufacturer makes his apparatus under patents, processes or designs different from that of other manufacturers. It is these differences which support the claim of superiority *Page 83 
of apparatus made by each manufacturer over that manufactured by his competitors." Hahn Motor Truck Corp. v. Atlantic City,6 N.J. Misc. 234 (Sup. Ct. 1928).
Automobile tires cannot well be called apparatus. But under the reasoning of the last cited case, if one make of auto tire has some feature that other brands lack, then, if the Freeholders reasonably consider that feature essential, no bidding is requisite, or else bidding may be confined to those who can furnish that particular kind of tire. See Bye v. Atlantic City,73 N.J.L. 402 (Sup. Ct. 1906), a paving case. This situation does not, however, appear to exist here. While there is the statement in one affidavit that Goodyear tires and tubes have distinct patented features that the Fisk tires and tubes do not have, there is nothing to indicate that such differences are considered substantial by the county purchasing agent or the Freeholders. The purchasing agent recommended Goodyear tires because he believed those tires, as well as a few other brands, are "generally regarded" as more serviceable than Fisk tires. Be it understood, of course, that the court does not esteem any particular tire higher than any other certain kind.
But we take for granted that there are some brands which are admittedly inferior to others, and which compete on a basis of price rather than of quality. And we assume for the moment that no specifications can be so drawn as to exclude the less satisfactory brands, unless they are excluded by name; at least such specifications could not be made up by the usual county purchasing office. This seems to present a dilemma: If the Freeholders are not permitted either to specify a particular brand of tire which, in good faith, they believe to be the best on the market, or even to confine bidding to certain brands that they, after due investigation, consider the best, then in the long run the county will have to be content with second or third rate tires, for they will be the ones offered at the lowest price. But if the Freeholders are permitted to insist on a certain make of tire, little will remain of the system of competitive bidding. There are few kinds of materials or supplies in which trade names are not prominent. *Page 84 
We incline to think that the solution is to specify a particular tire by name and add some such phrase as "or a tire of equal or better quality." But we hesitate to speak positively as the subject has not been fully argued. Some light may perhaps be found in cases dealing with paving materials of which one company had a monopoly or which were patented: Newark v. Bonnell,57 N.J.L. 424 (E. A. 1894); Bye v. Atlantic City, supra;Hoffman v. Muscatine, 232 N.W. 430, 77 A.L.R. 680 (Ia.
1930); and Diamond v. Mankato, 93 N.W. 911, 61 L.R.A. 448
(Minn. 1903).
Prima facie, automobile tires and tubes are supplies that must be bought from the lowest responsible bidder, pursuant toR.S. 40:25-2. It does not appear from anything before us that the statute does not apply. The complaint shows a cause of action and should not have been dismissed.
Let the judgment be reversed. *Page 85