39 N.J. Super. 565 (1956)
121 A.2d 549
EDWARD J. ROSE, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
THE BOARD OF EDUCATION OF EAST ORANGE, IN THE COUNTY OF ESSEX, NEW JERSEY, AND A.A. LA FOUNTAIN, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 22, 1956.
*566 Mr. Alan V. Lowenstein, attorney for plaintiff.
Mr. Walter C. Ellis, attorney for defendant Board of Education of East Orange.
*567 Mr. Warren Dixon, Jr., attorney for defendant A.A. La Fountain, Inc.
COLIE, J.S.C.
This matter is before the court on a complaint in lieu of prerogative writ. The matter came up on order to show cause why the Board of Education of East Orange should not be restrained from awarding the contract for the proposed north wing addition to the Elmwood School to the defendant, A.A. LaFountain, Inc. On the return day the matter was argued and briefed as a motion and counter-motion for summary judgment.
The factual situation is clear. The board of education, planning to erect an addition to the Elmwood School, solicited bids in November 1955 for such work. Bids were solicited for the general construction and alternate, entitled Alternate GC-1, for demolition of a part of the existing building. Defendant A.A. LaFountain, Inc. submitted a bid on the general construction of $396,700 and a bid on Alternate GC-1 of $38,000. Three other contractors made base bids, all of which were above the LaFountain bid of $396,700, and in all there were four bids on Alternate GC-1, ranging from $12,500 to LaFountain's bid of $38,000. Thereafter, on December 19, 1955 the board of education passed a resolution awarding the general construction work to A.A. LaFountain, Inc. as the lowest bidder on its base bid of $396,700, and at the same meeting passed a resolution which read:
"On motion of Mr. Hoffman, duly seconded, the Board rejected Alternate No. 1 under the General Construction specifications concerning the demolition of the auditorium section of Elmwood School and authorized Emil A. Schmidlin, the Board's Architect, to prepare new specifications for the demolition and authorized the Secretary to advertise for bids."
In accordance with this resolution there was advertising for bids, and at the meeting of the board of education held January 16, 1956 the minutes disclosed that on January 5, 1956 bids on the re-advertising for the demolition were received from Edward J. Rose, Inc. of $29,500 and from *568 Gibralter Wrecking & Supply Co. of $37,000. Whereupon the board, on motion, rejected the bids of Edward J. Rose, Inc. and Gibralter Wrecking & Supply Co. and, on motion, accepted the proposal of A.A. LaFountain, Inc. for the demolition work in the sum of $38,000.
The board of education and the defendant, A.A. La Fountain, Inc., contend that the plaintiff, Edward J. Rose, Inc., has no standing to prosecute this action and their argument is largely predicated upon the holding in Waszen v. Atlantic City, 1 N.J. 272 (1949). The holding in that case that a unsuccessful bidder has no standing to challenge the award of a contract to a rival bidder is unquestionably sound law, but in the view that the court takes of the situation here existing, Edward J. Rose, Inc. cannot be properly classified as a mere unsuccessful bidder.
The board of education reserved the right to reject any and all bids for which it had advertised, and that right it exercised at its meeting on December 19, 1955. That the board of education then believed that Alternate GC-1 was not an integral part of the general construction contract is demonstrated by the motion which was passed at that meeting, authorizing the architect to prepare new specifications for the demolition. Up to the time when the board re-advertised for bids on Alternate GC-1 and the bids were received and opened, it was probably within the power of the board of education to have reconsidered its action of December 19, 1955, rejecting the four bids received on Alternate GC-1 and awarding the contract to the lowest responsible bidder among them, but it did not elect so to do. The situation changed after the plaintiff, Edward J. Rose, Inc. and Gibralter Wrecking & Supply Co. had submitted bids in response to the advertisement of the board of education. When the Rose bid of $29,500 was received and opened and was found to be the lower of the two bids received, Edward J. Rose, Inc. then had a vested interest, subject only to being defeated if it was found that it was not the lowest responsible bidder, and in connection with that, it is important to point out that there was no finding *569 that Edward J. Rose, Inc. was not responsible, and in order to find that a lowest bidder is not responsible, it is incumbent upon the board of education to make such a finding in the exercise of a bona fide discretion after investigation upon notice and hearing to the bidder affected. The attempted action to revitalize the four bids on Alternate GC-1 as a result of the first advertisement for proposals was beyond the power of the board of education in light of the course of conduct which they pursued, clearly indicating that they considered Alternate GC-1 not an integral part of the construction contract, and the right to rescind the rejection of the earlier bids on Alternate GC-1 was lost when the bids on the second advertisement were opened. To permit the action to stand would fly in the philosophy behind the statutory regulation requiring competitive bidding, and if the action here pursued was approved by the court, it would, to all intents and purposes, undermine the salutary effects of legislation requiring competitive bidding.
The board of education relies upon the holding in Armitage v. City of Newark, 86 N.J.L. 5 (Sup. Ct. 1914). That opinion holds:
"True, it was not only the right but the duty of the city authorities to decide this question, but when and how often? They had exercised this right once when they publicly advertised that bids of either sort would be received and that the contract would be awarded to the lowest responsible bidder. If they may exercise it a second time, it must be in such a way as not to violate the statute which is clearly done if the change of heart takes place after the bids are opened and results in depriving the lowest bid of its statutory vantage and the awarding of the contract contrary to the statute. If after the bids were received the city decided that it would be better to contract only with a general contractor, it was open to the city to reject all bids and to readvertise for bids by general contractors only." (Italics the court's)
This holding lends no support to the board of education's argument but rather to hold that if the board of education, on reconsidering, believed it better to deal only with a general contractor, it had the right to change its mind, but only on condition that it re-advertise for the bids for general *570 contractors only. This course, of course, it did not pursue and in the meantime, the vested interest of Edward J. Rose, Inc. intervened.
Judgment will be entered in favor of the plaintiff and against the defendants, but the actual entry of the judgment in accordance herewith will be postponed a reasonable length of time to permit the board of education, on notice to Edward J. Rose, Inc., to investigate the question of whether or not it is a responsible bidder.