45 N.J. Super. 266 (1957)
132 A.2d 42
AUTOMATIC LAUNDRIES, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
HOUSING AUTHORITY OF THE CITY OF BAYONNE, A BODY CORPORATE AND POLITIC, AND LOUIS KONIGSBERG, TRADING AS TRIPLE E WASHING MACHINE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 20, 1957.
*268 Mr. Harold Krieger (Mr. Benjamin H. Chodash appearing), attorney for the plaintiff.
Mr. William Rubin, attorney for the defendant Housing Authority.
Mr. Gerald W. Kolba, attorney for the defendant Konigsberg.
SMITH, J.S.C.
The defendant Housing Authority owns and operates three housing projects in the City of Bayonne, Hudson County, New Jersey. On July 21, 1956 this defendant advertised for bids for washing machine and dryer service at its said projects.
Three bids were received, of which plaintiff's was economically best in that it offered the Housing Authority the highest annual rebate, as I recall, $2,475.
Triple E Washing Machine Company, the co-defendant, offered the second highest rebate, $2,260. The Housing Authority awarded said co-defendant the contract, nevertheless, as evidenced by its award, although the contract has never as yet been executed.
Plaintiff in its complaint seeks judgment that said awarding of the contract to the defendant Triple E and the contract itself be set aside, and that this court restrain and enjoin the defendant Housing Authority from executing a contract and that the court enter a judgment awarding the contract to the plaintiff.
Plaintiff's contention, as the court understands it, is that it has the right to institute such proceeding under R.S. 40:48-5, which provides that a municipality may contract away services to the public provided that there be due advertisement for bids after which the contract shall be let to the lowest bidder. Plaintiff's position is that it is the lowest bidder and, therefore, is the one who submits the most advantageous bid to the Authority.
The plaintiff's further contention is that the resolution of the defendant Authority to the effect that the plaintiff is not a responsible bidder is of no force and effect because *269 the award was granted before a hearing was held and this should render the hearing ineffective. Kelly v. Freeholders of Essex, 90 N.J.L. 411 (Sup. Ct. 1917); Harrington's Sons Co. v. Jersey City, 78 N.J.L. 610 (E. & A. 1910).
The argument of the plaintiff is that the testimony at the hearings before the defendant Authority failed to disclose that plaintiff was not a responsible bidder. Plaintiff was willing to post a bond for the guarantee of all payments due to the Authority under the contract, and was willing to procure and provide new machines as required by the terms of the contract and had the experience, financial ability and the machinery necessary for faithful performance and discharge of the contract.
Defendant Housing Authority's position is that the furnishing of washing machines and dryers for the use of the tenants in its projects is not a service to the public within the meaning of R.S. 40:48-5 and that said defendant, therefore, was not required to advertise for bids, and, further, when the defendant did so advertise, it was not obligated to award the contract to the lowest bidder. Automatic Voting Machine Co. v. Board of Chosen Freeholders of Bergen County, 120 N.J.L. 264 (Sup. Ct. 1938).
Defendant Authority further urges that even if it is assumed competitive bidding was required, the evidence and the facts clearly demonstrate that the plaintiff was not the lowest responsible bidder and was consequently not entitled to the award of the contract. The defendant Authority further urges that if it acted in good faith and made a finding adverse to the plaintiff upon said facts and evidence adduced at the four hearings held from October 24, 1956 to January 15, 1957, then the court should not set aside the Authority's findings and determination.
Defendant Authority further contends that even if this court should set aside the awarding of the contract to the co-defendant, Triple E Washing Machine Company, it does not have the power to award the contract to the plaintiff or anyone else, but can act only to set aside the contract to the said co-defendant.
*270 The co-defendant Triple E Washing Machine Company presents its argument, in which it propounds the same legal argument as the defendant Housing Authority.
The court has considered all of the pleadings in this case, the several briefs submitted by all of the parties, the testimony adduced in open court, as well as the oral argument of counsel, and has reached the following conclusion:
Title 55 of the Revised Statutes enumerates the powers given to housing authorities, among which is the right to contract for services for or in connection with a housing project or the occupants thereof. This power must be exercised in the manner now prescribed by the statutes relating to municipalities. R.S. 55:14A-7(c). The court, therefore, is of the opinion that the controlling statute is R.S. 40:48-5, which prescribes in part:
"The contract shall be let, after due advertisement, to the lowest responsible bidder, who shall give ample security for its proper performance."
The record indicates that no bond was offered, tendered or given by the plaintiff.
The defendant Housing Authority admittedly duly advertised for bids to perform the service of supplying washing and dryer machines in the housing projects which it operates in the City of Bayonne.
Since plaintiff offered the Housing Authority a bid which was the most remunerative of all those submitted, in that it guaranteed said Housing Authority the largest rebate, my thought is the plaintiff had a vested interest which could be defeated only upon a showing that said plaintiff was not a responsible bidder. Rose v. Board of Education of East Orange, 39 N.J. Super. 565 (Law Div. 1956).
Therefore, it is clear that the plaintiff was entitled to a hearing before a valid contract could be awarded. Sellitto v. Cedar Grove Township, 132 N.J.L. 29 (Sup. Ct. 1944).
The record discloses that at an earlier hearing before this court, upon a showing that the contract was awarded *271 to the co-defendant without a hearing being afforded to the plaintiff, this court directed that such a hearing be held. This was done and the stenographic transcript of the four hearings given the plaintiff between October 24, 1956 and January 15, 1957 is now before this court in evidence.
Now, however, plaintiff urges that the hearings were of no force or effect because they were held subsequent to the actual granting of the contract to the co-defendant.
I do not consider this argument has any merit. It leads to the untenable conclusion that everything done thus far has been ineffective. It would deprive the defendant Housing Authority of the right to award the contract to the co-defendant even though it might still find said co-defendant is the lowest bidder who can claim to be responsible. In short, it seems to me that this argument deprives the defendant Authority of the wide discretion it must have because said defendant omitted to give plaintiff a prompt hearing.
The defendant Authority has now done all the statute requires and plaintiff has received a hearing; and in determining the validity of the award to the co-defendant the good faith and honesty of the award are the determining factors. Peter's Garage, Inc., v. City of Burlington, 121 N.J.L. 523 (Sup. Ct. 1939).
The evidence before the Housing Authority is not only ample evidence but it is so persuasive that it seems to me, having read and considered it, that no other conclusion could possibly have been reached than that the plaintiff is not a responsible bidder. In its previous contract with the Housing Authority plaintiff committed at least three acts of irresponsibility:
(1) It failed to install new machines although the contract required it;
(2) The machines that were installed were never cleaned and consequently caught fire on occasion and frequently leaked on to the floor, creating a hazardous condition; and
(3) Payment of monies due to the municipality was invariably tardy.
*272 To reject the lowest bid, there must be such evidence of the irresponsibility of the bidder as would cause fair-minded and reasonable men to believe it was not in the best interest of the municipality to award the contract to the lowest or most remunerative bidder. This, I believe, the Authority did. Sellitto v. Cedar Grove Township, supra.
The evidence, at least to my mind, is overwhelming indicating the plaintiff's irresponsibility and the court, therefore, will not disturb the finding and the conclusion and the decision of the defendant Authority, which, it seems to me under the circumstances, was a reasonable decision.
Therefore, a judgment will be entered in favor of the defendants as against the plaintiff.