PETER A. PELUSO, PROSECUTOR, v. COMMISSIONERS OF THE CITY OF HOBOKEN, NEW JERSEY, DEFENDANTS.

Argued August 8, 1923—Decided August 10, 1923.

The test of whether a bidder is responsible is whether the bidder has the necessary equipment and financial responsibility to perform the contract, and the refusal to grant a contract to the lowest bidder on the ground that such bidder was not responsible because, in a prior contract, there had been frequent disputes in reference to the performance of that contract, is in violation of the statute. *Pamph. L.* 1917, *p.* 409, and *Pamph. L.* 1920, *p.* 572.

On *certiorari.*

Before Justice BLACK, under the statute.

For the prosecutor, *Merritt Lane.*

For the defendants, *John J. Fallon.*

The opinion of the court was delivered by

BLACK, J.   An award of a contract was made to James J. McFeely for the collection of ashes, garbage, &c., and the removal thereof, from the city of Hoboken to the township of North Bergen, N. J.   The contract was for $486,260. It is to run for the term of five years, commencing on August 14th, 1923.   The award is attacked by Peter A. Peluso, the prosecutor and lowest bidder, whose bid was $476,580.   The statute under which the award was made is *Pamph L.* 1917, *p.* 409, § 4, *art.* 23, and *Pamph. L.* 1920, *p.* 572.   These statutes provide, that the contract is to be entered into and made with, "the lowest responsible bidder or bidders."   The question, therefore, for solution is: Who is the lowest responsible bidder?   This, in turn, is to be decided from the testimony submitted.   The commissioners, before making the award on July 31st, 1923, gave the bidder, Peter A. Peluso, a hearing.   He was sworn before the commissioners, and other testimony was taken.   This procedure was approved in *Kelly* v. *Freeholders of Essex,* 90 *N. J. L.* 411.   The testimony so taken and considered by the commissioners was by consent of the respective attorneys, returned with the writ, and used on the hearing of the case.   From this testimony the commissioners found and decided, to use the language of the award, that said Peter A. Peluso is not a "responsible bidder, notwithstanding he is the lowest bidder."   This is a question of fact. Mr. Justice Swayze remarked, in the case of *Harrington's Sons Co.* v. *Mayor, &c., Jersey City,* 78 *Id.* 612: "It is a simple matter to determine the single question of fact whether the lowest bidder is responsible."   This finding of the com-

missioners will not be disturbed by a reviewing court unless it appears that the action was taken in bad faith, or the proofs were of such a character as to satisfy reasonable men of the bidder's responsibility. *Schwitzer* v. *Board of Education,* 79 *Id.* 342. Responsible means, ability to meet obligations. It involves accountability, *i. e.,* answerable. The testimony demonstrates the fact that the bidder Peter A. Peluso, has the necessary equipment and financial responsibility to perform the contract. There is no attempt to controvert this fact in the testimony. Giving to the testimony full credit for all that is claimed it proves, it shows the bidder, Peter A. Peluso, had a previous contract with the city of Hoboken, which expired on May 31st, 1923. During that time, there were frequent disputes in reference to the performance of that contract with the officials of the city of Hoboken, many of which involved controverted questions of fact, if not all. These matters should be and can be taken care of under a contract properly safeguarding the public interest, with a contractor who is financially responsible. This lack of ability to work in harmony, or to enforce the terms of a previous contract by the city officials, is now urged as a factor and a controlling factor in determining the bidder's responsibility. No New Jersey case is cited in support of this proposition. Some cases, however, from other jurisdictions are cited in apparent support of this view. See 7 *Words and Phrases* 6178.

The test, however, must be made under the New Jersey statute. As stated, the bidder's financial responsibility and the sufficiency of his equipment for the performance of the contract is not controverted. The conclusion reached, after reading and considering the testimony returned with the writ, is the award, as made to James J. McFeely, by the commissioners, is in violation of the statute, which provides, the award must be made "to the lowest responsible bidder."

It is, therefore, set aside, with costs.