WILLIAM BOWER v. TOWNSHIP COMMITTEE OF THE TOWNSHIP OF LITTLE FALLS ET AL.

Argued May term, 1928—Decided June 21, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Reuben H. Reiffin.*

For the defendant, *Gustav A. Hunziker.*

PER CURIAM.

This writ brings up for review the proceedings resulting in the award of a contract for the removal of garbage by defendant township to one De Roo Brothers, whose bid was $3,946, whereas the prosecutor's bid was $3,380.

The specifications, as advertised, contained this provision:

"Contractor must provide his own dumping ground, and shall state the place where such garbage would be dumped [which must be approved by the township committee], and

bids shall be accompanied by the consent in writing of the owner of such ground to the dumping of ashes and garbage thereon by the contractor during the term of this contract."

De Roo Brothers, to whom the contract was awarded, submitted a bid some $500 higher than the prosecutor, and specified as a dumping ground a place within the township of Little Falls, together with the consent of the owner thereto.

The prosecutor submitted with his bid the consent of three persons to the dumping of garbage upon their tracts which were located outside the limits of the township. After an inspection of the proposed dumping sites, the defendant township required as a condition precedent to their approval of the dumping places of the prosecutor, that he obtain the consent of the governing bodies and boards of health of the municipalities in which his available dumping grounds were located for the dumping of garbage from Little Falls within those limits. Upon the assurance from the prosecutor that he would obtain such consents, the matter was laid over to January 9th, at which time the prosecutor produced the consent of Wayne township committee, but not the consent of the board of health of said township; nor did he present the consent of either the governing body or the board of health of West Paterson. Under the circumstances the respondents adopted a resolution disapproving the dumping places proposed by the prosecutor and awarded the contract to De Roo Brothers, which is the resolution here contested.

It was stipulated that there were no ordinances of the governing body or board of health of West Paterson requiring permits for dumping of garbage within its limits. The good faith of the respondents in making the award is not questioned.

We think the specifications were properly advertised so as to inform all bidders of the requirements, and that like opportunities to bid were offered to all bidders. We also think the prosecutor was afforded a reasonable time within which to produce the necessary permits for dumping, and that his failure so to do presented a reasonable basis for the rejection of his bid.

The writ will be dismissed and the resolution affirmed.