NICHOLAS SELLITTO, PROSECUTOR, v. TOWNSHIP OF
CEDAR GROVE, RESPONDENT.

Argued January 16, 1945—Decided May 5, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and
PERSKIE.

For the prosecutor, *Joseph C. Cassini*.

For the respondent, *Boardman & Stickel* (*Fred G. Stickel,
III,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   The dispositive question for decision, on the
competent proofs in this cause, is whether the determination
by respondent that prosecutor was not the lowest responsible

bidder (*R. S.* 40:50–1, *et seq.*), is justified, notwithstanding that he was in fact the lowest bidder.

This is the second time this court has been called to pass upon the validity of the action of the Township of Cedar Grove in awarding the contract for public scavenger service, for a fixed period, after having publicly advertised for bids therefor, to one C. D. Marangi whose bid was $6,400, although prosecutor's bid was $5,749.

On the first occasion this court concluded, among other things, that "there was no distinct finding that [prosecutor] was not responsible;" that it had not been shown by competent evidence that prosecutor was irresponsible; that prosecutor was neither put on "fair notice" of a hearing, nor was such a "hearing" held, and thus "due regard was not given to prosecutor's status" as the low bidder. Accordingly, the award to Marangi was set aside. *Sellitto* v. *Cedar Grove Township*, 132 *N. J. L.* 29; 38 *Atl. Rep.* (*2d*) 185.

Thereafter, the mayor and one of the other two members of the Board of Commissioners of respondent township (the third member was absent because of death of a member of his family) conducted a hearing, pursuant to due notice, to determine prosecutor's "responsibility or irresponsibility." See, *R. S.* 40:72–14, as to a quorum. Prosecutor, represented by counsel, appeared and submitted to a searching examination conducted by the mayor (who is an attorney-at-law) and by counsel for the township. From the transcript of that examination, read by the three commissioners, plus the written exhibits relating to the contract, the Board of Commissioners again concluded that prosecutor was not the "lowest responsible bidder," and for the second time awarded the contract to Marangi. The propriety of that action is attacked by prosecutor.

The law is clear. Prosecutor's status, as the lowest bidder, is not one of grace; it is one of right. Such a status may not lightly be disturbed. For it is based upon competition, a state policy. *R. S.* 40:50–1, *et seq.* That policy, concededly applicable here, aims to encourage public bidding, pursuant to advertisement therefor, and to protect the lowest responsible bidder. That policy further aims to avoid favoritism

and to safeguard the taxpayers. *Cf. Sellitto* v. *Cedar Grove Township, supra.*

Since prosecutor was, without question, the lowest bidder, the only question was and is whether he was a responsible bidder. That is a question of fact. A bidder's responsibility involves, among other things, his ability to account, and to answer for his undertaking. *Schwitzer* v. *Board of Education,* 79 *N. J. L.* 342; 75 *Atl. Rep.* 447; *Peluso* v. *Hoboken,* 98 *N. J. L.* 706; 126 *Atl. Rep.* 623; *Peter's Garage, Inc.,* v. *Burlington,* 121 *N. J. L.* 523, 527; 3 *Atl. Rep.* (2d) 634; *affirmed,* 123 *N. J. L.* 227; 8 *Atl. Rep.* (2d) 910. A finding that one is not a responsible bidder must be based upon a finding by the majority of the members of the governing body that the bidder "was so lacking in the experience, financial ability, machinery and facilities necessary to perform the contract as to justify a belief upon the part of fair-minded and reasonable men that [he] would not be able to perform [his] contract." And, "To reject the bid of the lowest bidder there must be such evidence of the irresponsibility of the bidder as would cause fair-minded and reasonable men to believe that it was not for the best interest of the municipality to award the contract to the lowest bidder." *Paterson Contracting Co.* v. *Hackensack,* 99 *N. J. L.* 260, 263, 264; 122 *Atl. Rep.* 741; *Sellitto* v. *Cedar Grove Township, supra.*

In this type of case, we do not generally disturb a finding of fact made by governing officials, on competent evidence, unless it is made to appear that the action of such officials was taken in bad faith, or that the competent proofs were of such character as not to satisfy reasonable men that the bidder was irresponsible. *Peluso* v. *Hoboken, supra* (at *p.* 708). In the circumstances before us here we find no justification in the proofs adduced for the action of the Board of Commissioners of the Township.

Prosecutor was thirty-four years of age. He has been engaged in scavenger service since he was fourteen years of age. a period of twenty years, the last eight of which he has been personally engaged in the business of rendering scavenger service. He has rendered such service, among others, to 285 dwellers of Hanover Township. There is nothing to

justify the claim that prosecutor lacked the experience necessary to be able to perform the contract which would require him to collect the refuse from about 725 houses in Cedar Grove Township. There is proof that he has the necessary trucks and that adequate provision for a dumping ground has been made. Here unlike in the case of *Bower* v. *Township Committee, 6 N. J. Mis. R.* 641; 142 *Atl. Rep.* 337, prosecutor was not obliged to obtain the consent of the Board of Health of East Hanover Township, where the refuse was to be dumped. Furthermore arrangements have been made for a bond and for help, and there is not a scintilla of evidence questioning prosecutor's financial ability.

Clearly, the facts that prosecutor did not know the exact name of his bonding company; that he did not know each house or institution he was required to service; that he did not accurately know the exact boundary lines of Cedar Grove Township; that he did not know that the provisions of the Unemployment Compensation Act were not, in the circumstances, applicable; that he could not presently replace or repair the speedometer on one of the trucks;. that he did not know that the daily wage he agreed to pay to his employees was or was not the prevailing wage, the rate of which was not made to appear; and that he could not give an accountant's breakdown of his calculations upon which he based his bid are, neither singly nor collectively, determinative of his responsibility or irresponsibility.

The proofs utterly fail to show that prosecutor was lacking in experience, financial ability, machinery or facilities necessary to perform the contract. *Paterson Contracting Co.* v. *Hackensack, supra; Sellitto* v. *Cedar Grove Township, supra.* Accordingly, the action of the members of the commission of the township was not under the competent proofs predicated upon the stated applicable principles of law. Rather does their action conclusively indicate a fixed intention to award the contract to Marangi, regardless of prosecutor's status, and regardless of his untiring efforts to establish his right to the contract. Right must prevail.

This view of the cause renders unnecessary any discussion of that group of reasons argued by prosecutor in connection

with his contention that he was not afforded a fair hearing and that the third member of the board, who did not hear the evidence, had no status to participate in the consideration and determination of the cause. *Eisberg* v. *Cliffside Park,* 92 *N. J. L.* 321; 105 *Atl. Rep.* 716. *Cf. Redcay* v. *State Board of Education,* 128 *N. J. L.* 281, 284; 25 *Atl. Rep.* (2d) 632.

The resolution of September 7th, 1944, adjudging that prosecutor was not the lowest responsible bidder and awarding the contract to Marangi is set aside, with costs.