47 N.J. Super. 102 (1957)
135 A.2d 352
MURDOCK CONTRACTING CO., INC., A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
BOROUGH OF VERONA, A MUNICIPAL CORPORATION, THIRD-PARTY DEFENDANT,
v.
PHILIP LEONE, DEFENDANT AND THIRD-PARTY PLAINTIFF.
Superior Court of New Jersey, Law Division.
Decided September 27, 1957.
*103 Messrs. Parsonnet, Weitzman & Oransky, attorneys for plaintiff (Mr. Samuel Weitzman, appearing).
Messrs. Camarata & Colonna, attorneys for third-party defendant (Mr. Michael T. Colonna, appearing).
Mr. Bando J. Caruso, attorney for defendant and third-party plaintiff.
PINDAR, J.S.C.
The complaint of plaintiff Murdock Contracting Co., Inc. (hereinafter designated "Murdock") is filed in lieu of prerogative writ (certiorari) and demands judgment that defendant Borough of Verona (hereinafter designated "Verona"): (a) accept a certain bid of the plaintiff; (b) be directed to enter into a contract with plaintiff for such work; (c) be enjoined and restrained *104 from entering into a contract with defendant and third-party plaintiff, Philip Leone (hereinafter designated as "Leone") as a bidder for said work, and (d) pay costs.
Verona by answer denies Murdock's cause and in the manner of separate defenses avers: (1) Murdock did not comply with the requirements at the time of bidding, to wit: to submit proof of ability to furnish a performance bond; (2) Verona legally rejected the Murdock bid because of the aforesaid failure; (3) Murdock's said failure was a substantial variance of conditions set up for full compliance by all bidders, and (4) Verona acted under the controlling law and statute.
Leone, as intervenor, by answer also denies Murdock's cause and similarly avers the aforesaid defenses of Verona. In addition, Leone avers Verona properly accepted his bid as a successful bidder under full compliance of all conditions.
Furthermore, Leone filed his third-party complaint demanding judgment for: (a) affirmance of Verona's rejection of the Murdock bid; (b) direction to Verona to enter into a contract with Leone for said work pursuant to his bid; (c) counsel fees and costs, and (d) other relief. By answer to the third-party pleading Murdock and Verona respectively restate the substance of their previous affirmative and answering pleading.
Now Verona, on notice of motion and affidavit, applies for summary judgment against Murdock for dismissal of the complaint. By written stipulation of counsel thereafter filed all parties ask the court to consider all questions involved and render summary judgment in favor of and against any one or more of the three parties to this litigation. Said joined application, following the filing of briefs and oral arguments, was accordingly submitted.
The nonexistence of a genuine issue as to any material fact and that one of the named parties herein is entitled to a judgment on the law will appear in the following recited circumstances:
Verona desiring to erect a garage and storage building duly advertised for bids for (1) electrical work, (2) structural *105 steel, and (3) building construction. Murdock, Leone and three others bid on the third item. The other items are not here involved.
As set forth in the advertisement, sealed bids were to be received by Verona at its meeting on Tuesday, June 15, 1957. In the form advertised plans and specifications for the work were made available as were copies of the contract documents. All bids were to be submitted in form provided by Verona and if not, were subject to rejection. Each bid was to be accompanied by a certified check or cash of not less than 10% of the amount thereof to insure the signing of the contract. Also, the governing body of Verona reserved the right to accept or to reject any or all bids.
Pertinent conditions of bidding for all bidders were contained in a form entitled "Notice to Bidders." Therein (but not contained in the advertisement) it was provided as a condition of bidding the submission of proof of bidder's ability to furnish performance bond. It is essential that the terms of this particular requirement be set out here in full, which is as follows:
"PERFORMANCE BOND: The bidder will be required to furnish a Performance Bond in the amount of the bid and in the form to be approved by the Borough Attorney and that at the time the bid is submitted, proof that he will be able to furnish the bond." (Italics ours)
At the time and place fixed, Murdock and Leone and three others submitted bids covering general construction work. Upon being opened the Murdock bid in the amount of $35,500 was accompanied with a certified check for $4,000. The Leone bid was in the sum of $36,715 and accompanied by a certified check in the amount of $3,800. The other bids were higher and are not regarded. Here it is noticed that Murdock's bid was lowest and Leone's next lowest or higher than Murdock's by the sum of $1,215.
This situation did undoubtedly call for acceptance of the Murdock bid as the lowest, except as met with the contention that Murdock "at the time the bid is submitted" failed *106 to submit "proof that he will be able to furnish the (performance) bond."
All parties concede that a single determinative issue is dispositive of the right of any one party to have summary judgment. That issue is what legal effect, if any, attaches to Murdock's failure to include within its sealed bid when submitted "proof that he will be able to furnish the (performance) bond." In such respect it is undisputed that Murdock did not comply with the quoted requirement and that Leone did, except, as contended by Murdock, the Leone certificate was "stale," in that it pre-dated the advertisement for the work under review. It appears the Leone certificate was prepared for inclusion in a previously advertised bid for similar work, which Verona abandoned. But, I believe such contention is without substance. The fact is the certificate accompanying Leone's bid was sufficient proof as was then required.
In any event, Murdock upon being notified that the reason for rejection of its bid was the aforementioned failure, thereupon timely sought permission from Verona to produce satisfactory proof of its ability to furnish the required performance bond before any contract was signed. Notwithstanding such request, Verona persists in holding to the contentions raised on its motion seeking dismissal and summary judgment.
Here it is noticed that the obvious intent for the requirement of proof of ability to furnish a performance bond was in the case of a successful bidder. Moreover, the bond "the bidder will be required to furnish" was subject to "form to be approved by the Borough Attorney." Neither the success as a lowest bidder could be known, nor was the circumstance of approval as to form possible at the time of submission of the bids.
The law of the cases which apply and control the issue sub judice are William A. Carey & Co. v. Borough of Fairlawn, 37 N.J. Super. 159 (App. Div. 1955), and Bryan Const. Co. v. Bd. of Trustees, etc., of Montclair, 31 N.J. Super. 200 (App. Div. 1954). While factually neither case *107 squares with the circumstances sub judice, I believe the principles of law contained therein are apposite for decision here.
Authority of a municipal body in its discretion to fix conditions precedent upon submission of bids exists. Tufano v. Cliffside Park, 110 N.J.L. 370 (Sup. Ct. 1933); Carey, supra, 37 N.J. Super. at page 166.
But that rule presumes a substantial variance of a particular condition to be legal cause for rejection. It will not be gainsaid that municipal function is directed to the public concern that the awarding of bids for governmental purposes be to the lowest bidder. In that sense its discretionary powers are restrained. Moreover, the question of substance must go to an actuality of unfair competitive bidding and a mere irregularity in form, without unfairness as to the substance, will not be sufficient to overcome a failure to award the contract to the lowest bidder. Sellitto v. Cedar Grove Township, 133 N.J.L. 41 (Sup. Ct. 1945); Bryan, supra.
In the case of Sellitto v. Cedar Grove Township, supra, 133 N.J.L. at page 43, the court said:
"Since prosecutor was, without question, the lowest bidder, the only question was and is whether he was a responsible bidder. That is a question of fact. A bidder's responsibility involves, among other things, his ability to account, and to answer for his undertaking. Schwitzer v. Board of Education, 79 N.J.L. 342; 75 Atl. Rep. 447; Peluso v. Hoboken, 98 N.J.L. 706; 126 Atl. Rep. 623; Peter's Garage, Inc., v. Burlington, 121 N.J.L. 523, 527; 3 Atl. Rep. (2d) 634; affirmed 123 N.J.L. 227; 8 Atl. Rep. (2d) 910. A finding that one is not a responsible bidder must be based upon a finding by the majority of the members of the governing body that the bidder `was so lacking in the experience, financial ability, machinery and facilities necessary to perform the contract as to justify a belief upon the part of fair-minded and reasonable men that (he) would not be able to perform (his) contract.' And, `To reject the bid of the lowest bidder there must be such evidence of the irresponsibility of the bidder as would cause fair-minded and reasonable men to believe that it was not for the best interest of the municipality to award the contract to the lowest bidder.' Paterson Contracting Co. v. Hackensack, 99 N.J.L. 260, 263, 264; 122 Atl. Rep. 741; Sellitto v. Cedar Grove Township, supra."
*108 In the case of Bryan Const. Co. v. Bd. of Trustees, etc., of Montclair, supra, 31 N.J. Super. at pages 206, 207, the court said:
"* * * But, assuming, arguendo, that defendant company failed to comply with complete regularity, we, nevertheless, find no merit in appellant's second contention. The defendant board expressly and specifically reserved `the right to waive minor informalities' in any bid. Further, a municipal body has a greater function in dealing with irregularities in such matters than merely exercising a ministerial and perfunctory role. It has inherent discretionary power, and what is more, a duty to secure, through competitive bidding, the lowest responsible offer, and to effectuate that accomplishment it may waive minor irregularities.
`Mere irregularity of a bid will not justify its rejection by a municipal body charged with a duty of awarding a contract to the lowest bidder. The form of the bid, not being embodied in the statute, is a regulation prescribed by the city; and failure to technically comply with the form required will not defeat the right of the lowest bidder, to have the contract, if, after the bids are opened, it appears there has been a substantial compliance with the requirements, and he tenders himslf ready to execute the requisite contract and furnish responsible bondsmen or good security, as was the fact in this case. The statute is intended to secure to the city the contracting of the work to the lowest responsible bidder, and mere irregularities in the form of the bid, or details of statement, which do not in any way mislead or injure, are not sufficient to justify the rejection of such a bid. It is in the interest of the public that the lowest bid, though it be irregular, be accepted, and, if necessary, that the bidder have opoprtunity to correct an irregularity, while not changing the substance of his bid.' Faist v. City of Hoboken, 72 N.J.L. 361 (Sup. Ct. 1905).

* * * * * * * *
(6) In conclusion, it may be said that, at most, a mere technical irregularity existed, which was waivable and which would be to the substantial interest of the defendant board and the municipality to waive.
`It is not any kind of irregularity in specifications of proposed public work to be done that will have the effect of voiding the award. The irregularity must be of a substantial nature  such as will operate to affect fair and competitive bidding.' Phifer v. City of Bayonne, supra."
After full consideration of the law and upon a finding under the factual circumstances appearing on this application, I am satisfied that the failure of Murdock was not a substantial variance but instead a nominal irregularity which *109 was without unfair effect either to the municipal functions of Verona or to the fairness of competitive bidding as to Leone.
Accordingly, I conclude as follows: (a) summary judgment in favor of plaintiff be granted with direction that defendant Verona accept the bid of plaintiff and enter into a contract with plaintiff for such work, provided plaintiff file with defendant Verona a sufficient bond as contained in the Notice to Bidders; (b) that summary judgments in favor of defendants Verona and Leone be denied, and (c) in the event plaintiff fails to comply with the aforementioned direction summary judgment in favor of defendants Verona and Leone will be granted and in such case summary judgment in favor of plaintiff will be denied.
Counsel should present conformable order. See R.R. 4:55-1.