131 N.J. Super. 151 (1974)
329 A.2d 65
D. STAMATO & CO., INC., PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF VERNON AND INTERCOUNTY PAVING, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1974.
Decided November 6, 1974.
*153 Before Judges KOLOVSKY, LYNCH and LORA.
Mr. Herbert R. Ezor argued the cause for appellant (Messrs. Heller & Laiks, attorneys; Mr. Murray A. Laiks, of counsel).
Mr. Paul F. Koch argued the cause for respondent Township of Vernon (Messrs. Shelton and Koch, attorneys).
Mr. Robert L. Podvey argued the cause for respondent Intercounty Paving, Inc. (Messrs. Podvey, Sachs & Witherington, attorneys; Ms. Kathleen Moran, on the brief).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Defendant township advertised for bids for paving of a portion of Canistear Road with a bituminous concrete surface upon an existing foundation, the advertisement stating that the "estimated amount of bituminous surface required is 1420 tons."
Bids were received by the township committee on September 23, 1974. The bid of plaintiff D. Stamato & Co., Inc., at a unit price of $15.15 a ton for a total of $21,513, was the lowest of the four bids submitted. However, the township committee rejected that bid and adopted a motion awarding the contract to the next lowest bidder, defendant Intercounty Paving, Inc. (Intercounty), whose bid was $15.30 a ton, or a total of $21,726 "because of dissatisfaction with the last performance of D. Stamato & Co. Inc."
*154 Plaintiff then instituted this action to set aside the award of the bid to Intercounty and to require the township to award the contract to it. On the return day of the order to show cause with restraints which issued on the filing of the verified complaint, the judge continued the restraints and ordered the township "to conduct a hearing on October 21, 1974 to determine whether plaintiff is the lowest responsible bidder."
At the conclusion of the October 21 hearing before the township committee it recessed its meeting to October 23, 1974 "to render our decision." The minutes of the township committee's meeting of October 23 contain no findings as to the responsibility of plaintiff except that to be inferred from the only action taken, the passage of a motion awarding the contract to Intercounty, the "second lowest bidder," and authorizing the mayor and clerk to sign the contract which had already been signed by Intercounty.
The parties returned to the trial court on October 24, 1974. After hearing argument  although a transcript of the hearing of October 21 was not yet available  the judge ruled that there was no showing of any abuse of discretion by the township committee. A final judgment in defendant's favor was entered, embodying a restraint against the performance of any work until October 25 in order to enable plaintiff to apply to this court for a stay.
Plaintiff filed a notice of appeal and applied for a stay. The stay was granted on condition that the filing of briefs be expedited so that the appeal might be argued on its merits, as it was, on November 6, 1974.
We reverse.
At the outset, we are satisfied that there is no merit to the township's contention that since July 1, 1971, the effective date of "Local Public Contracts Law," N.J.S.A. 40A:11-1 et seq., a municipality required to advertise for bids need no longer award the contract to the lowest responsible bidder and may, in its discretion, award the contract to a higher bidder.
*155 It is conceded that the contract here involved is not one excepted from the bidding requirements of N.J.S.A. 40A:11-4, which provides in pertinent part:
Every contract or agreement, for the performance of any work or the furnishing or hiring of any materials or supplies, the cost or the contract price whereof is to be paid with or out of public funds, * * * shall be made or awarded only after public advertising for bids and bidding therefor * * *. No work, materials or supplies shall be undertaken, acquired or furnished for a sum exceeding in the aggregate $2,500.00, except by contract or agreement.
The township's contention is bottomed on the omission from N.J.S.A. 40A:11-4 of the language appearing in the predecessor statute, N.J.S.A. 40:50-1, expressly requiring the "award [of] the contract to the lowest responsible bidder." The township argues that the omission is significant because that language does appear in N.J.S.A. 40A:11-16 dealing with the award of contracts for construction, alteration and repair of public buildings. Cf. M.A. Stephen Const. Co. v. Rumson, 125 N.J. Super. 67, 72 (App. Div. 1973), certif. den. 64 N.J. 315 (1973).
To accept the township's argument would render meaningless the statutory mandate for competitive bids. Further, the argument ignores the elementary rule that "the true meaning and intention of legislation must be derived from the whole and not from any single component part, or else distortion is sure to result." Denbo v. Moorestown Tp., 23 N.J. 476, 481 (1957).
Nothing in the revision of Title 40 embodied in the Local Public Contracts Law reveals a legislative intent to abandon the strong public policy underlying the municipal bidding statutes, a policy designed to secure economy and to prevent fraud, favoritism and extravagance "to the end that all bidders will be on the same basis in matters material to the proposed municipal action." Waszen v. Atlantic City, 1 N.J. 272, 283 (1949); Hillside Tp. v. Sternin, 25 N.J. 317, 322 (1957). On the contrary, it is clear from a reading of the Local Public Contracts Law as a whole that there *156 has been no change in that aspect of the prior law; contracts for which bids must be advertised still must be awarded to the lowest responsible bidder. See, for example, N.J.S.A. 40A:11-5(4) which authorizes the award of a contract without public bidding where the contracting unit had advertised for bids on two occasions and the governing body had rejected the bids on each occasion because the prices had not been independently arrived at in open competition or because, on the basis of cost estimates made before the advertising, the prices bid appeared unreasonable. The authority so granted is limited, however, by a provision that no such negotiated contract may be entered into unless "the negotiated price is lower than the lowest rejected bid price of a responsible bidder who bid thereon * * *."
A municipality, may reject the lowest bid, after affording a hearing to the lowest bidder before awarding the contract to a higher bidder, if it finds that the lowest bidder is not a "responsible" bidder. Arthur Venneri Co. v. Paterson Housing Authority, 29 N.J. 392, 402-403 (1959), and cases cited therein. "The determination of the question of who is the lowest responsible bidder does not rest in the exercise of arbitrary and unlimited discretion, but upon a bona fide judgment, based upon facts tending to support the determination." 10 McQuillin, Municipal Corporations (3 ed. 1966), § 29.73 at 425-426. "To reject the lowest bid there must be evidence of such character concerning the irresponsibility of the bidder as would cause fair-minded and reasonable men to believe it was not in the best interest of the municipality to award the contract to the lowest bidder." Arthur Venneri Co. v. Paterson Housing Authority, supra at 402.
The rejection of plaintiff's bid at the township committee meeting of September 23, 1974 without first affording it a hearing on the issue of responsibility was without warrant in law. That deficiency was corrected when, pursuant to the trial court's order, such a hearing was held before the township committee on October 21, 1974. But the October *157 23 decision of the township committee following that hearing should have set forth expressly findings and reasons why it found plaintiff not to be a responsible bidder so that a court, after reviewing the evidence adduced at the hearing, might determine whether or not such findings were arbitrary and unreasonable.
However we find it unnecessary to remand the matter to the township committee for appropriate findings since we are satisfied from our review of the testimony adduced at the October 21 hearing that it would be arbitrary and unreasonable to find therefrom that plaintiff is not a responsible bidder.
Essentially, responsibility involves experience, financial ability, moral integrity and the availability of facilities necessary to perform the contract. Arthur Venneri Co. v. Paterson Housing Authority, supra at 402-403; Sellitto v. Cedar Grove Tp., 133 N.J.L. 41, 43 (Sup. Ct. 1945).
The township does not challenge plaintiff's experience, financial ability or moral integrity, nor does it even suggest that plaintiff does not have the facilities necessary to perform the contract. At best, its decision not to award the bid to plaintiff stems from a dispute as to whether there had been defective performance in plaintiff's resurfacing, in October 1973, of a portion of Moe Mountain Road, work done as an "extra" after plaintiff had completed a contract awarded it as the lowest bidder for the repavement of portions of four other township roads, McPeak Road, Breakneck Road, Lake Pochung Road and Barry Drive North.
The specifications for those four roads called for a bituminous concrete surface two inches thick and there is no criticism of plaintiff's work on those four roads.
After provision for payment of the cost of repaving those four roads, the township still had funds available for road resurfacing. It directed plaintiff to resurface a portion of Moe Mountain Road. But, as the Township Road Superintendent testified, the available funds were limited and since township employees had previously "taken care of so called bad *158 spots," he decided that a 1 1/2-inch thickness of bituminous concrete would be sufficient and directed plaintiff "to put it down [that] way." The township does not dispute the authority of the road superintendent to give those instructions to plaintiff  and indeed could not in view of the provisions in the specifications granting authority to the "Township Engineer and/or Road Foreman."
Sometime after the work of resurfacing Moe Mountain Road was completed and the road put in use, the township engineer concluded that the road had begun to ravel and that the fault allegedly was attributable to an improper bituminous concrete mix. Witnesses called by plaintiff disputed this and attributed such fault as there might be to the fact that the pavement was 1 1/2 rather than 2 inches thick. Despite negotiations, the dispute has as yet not been resolved. The township has withheld and still retains $10,000 of the contract price due plaintiff. It has rejected plaintiff's tender of a three-year guarantee bond instead of the one-year bond called for by the contract and plaintiff's suggestion that two winters be permitted to pass to see "what really happens" so that if the road "unravels, then we got to go back and do something about it."
We express no views as to the merits of the dispute between the township and plaintiff with respect to the work done on Moe Mountain Road. That dispute, if not otherwise settled, may be resolved in an action for breach of contract brought either by the plaintiff or the township.
We are satisfied that, in the circumstances revealed by the record in this case, the existence of that single dispute with respect to Moe Mountain Road affords no justification for a finding that plaintiff is not a responsible bidder so that now, and until the dispute is resolved to the township's satisfaction, it is to be foreclosed from bidding for other resurfacing work in the Township. Peluso v. Hoboken, 98 N.J.L. 706 (Sup. Ct. 1923); see also, Arthur Venneri Co. v. Paterson Housing Authority, supra, 29 N.J. at 402-403; cf. Automatic *159 Laundries, Inc. v. Bayonne Housing Authority, 45 N.J. Super. 266 (Law Div. 1957).
The judgment is reversed; the award by the Township of Vernon of the contract for the resurfacing of Canistear Road to Intercounty Paving, Inc. is set aside; and the township is ordered to award that contract to plaintiff as the lowest responsible bidder.