154 N.J. Super. 488 (1977)
381 A.2d 1220
PRINCETON DISPOSAL SERVICE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF NORTH BRUNSWICK, A MUNICIPAL CORPORATION, MAYOR AND COMMISSIONERS OF THE TOWNSHIP OF NORTH BRUNSWICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1977.
Decided December 7, 1977.
*489 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Arthur R. Kobin argued the cause for appellant (Messrs. Scerbo, Glickman & Kobin, attorneys).
Mr. Joseph H. Burns argued the cause for respondents.
PER CURIAM.
Plaintiff appeals from a judgment in the Law Division denying its motion for summary judgment and entering judgment in favor of defendants Township of North Brunswick and its governing body.
Defendants advertised for bids for the award of a garbage collection contract within the township. For some years prior the township had a municipal garbage collection system which used municipal equipment and employees. Before deciding to solicit bids from private contractors, the governing body caused a study to be made which predicted substantial savings to the municipality were it to hire an outside garbage collector and abandon its municipal collection system.
Nevertheless, because of the major policy change involved in discontinuing its refuse collection system and substituting a private contractor, the township included the following reservation in the specifications in addition to the usual reservation of the right to reject any and all bids in the best interest of the township:
The right is reserved to reject any or all proposals presented, if the Township and the Township alone, deems it in its best interest to do so. The Township also reserves the right to reject bids because the issuance of a contract for private scavenger service would be a significant policy change from the present municipal employee system of scavenger service.
On May 17, 1976 two bids were received. Plaintiff was admittedly the lowest responsible bidder and acceptance by the township of plaintiff's bid would have represented considerable savings compared to the cost of the municipal system of collecting refuse. However, before deciding whether to accept *490 the proposed bids, the governing body held a special public meeting on May 27, 1976. At the meeting township residents voiced their displeasure with the discontinuance of the municipal system. Thus, on June 7, 1976 the governing body rejected all bids in favor of continuing with its municipal refuse collection system.
Plaintiff instituted this action to compel the township to award it the contract as the lowest responsible bidder pursuant to N.J.S.A. 40A:11-1 et seq. Defendants contend they had the right to reject all bids because of the reservation to that effect contained in the specifications. The trial court decided the matter on the affidavits submitted and stipulations of the parties and determined defendants had the legal right to reject all bids under the circumstances.
Plaintiff contends that under Stamato & Co. Inc. v. Vernon Tp., 131 N.J. Super. 151 (App. Div. 1974), the township was compelled to award the bid to the lowest responsible bidder, and that no one disputes its standing as lowest responsible bidder in this case. However, Stamato is not that sweeping. It merely forbids by-passing the lowest bidder on an insubstantial claim that that bidder is not responsible. In limited kinds of circumstances a municipal governing body may reject all bids. See Cardell, Inc. v. Woodbridge Tp., 115 N.J. Super. 442, 450-451 (App. Div. 1971), certif. den. 60 N.J. 236 (1972), where, in dictum, the court indicated that a proper occasion for rejection of all bids could arise if the governing body decided to abandon the project. That situation appears to have been presented here.
All bidders were warned that all bids might be rejected if the municipality later decided to continue its own scavenger service. There is nothing to indicate that the ultimate decision to do so was not in good faith or was a device aimed at eliminating an unfavored bidder. Cf. Scatuorchio v. Jersey City Incinerator Auth., 14 N.J. 72, 91 (1953).
While one may wonder why the governing body did not make up its mind about giving out the garbage collection work *491 on bids before actually soliciting bids, such considerations go only to the wisdom of the procedures here employed, not their legality.
Affirmed; no costs.