592 A.2d 276

GANNETT OUTDOOR CO., INC. OF NEW JERSEY, PLAINTIFF–APPELLANT, v. CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT–RESPONDENT, AND SIDEWALK SHELTERS, INC., DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted May 28, 1991—Decided June 17, 1991.

Before Judges PETRELLA and MUIR, Jr.

*Perillo & Rosenberger,* attorneys for appellant (*Salvatore Perillo,* on the brief).

*Paul J. Gallagher,* City Solicitor, attorney for respondent (*Karen M. Upshaw,* Senior Assistant Solicitor, on the brief).

No other parties participated in this appeal.

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

This appeal by Gannett Outdoor Co., Inc. of New Jersey (Gannett) concerns the failure of the Atlantic City governing body to award or reject bids within 60 days as required by

*N.J.S.A.* 40A:11–24, and the right of the city to reject all bids thereafter. Gannett claims on this appeal that it is entitled to a hearing on the rejection of its bid as a result of the lapse of 60 days from the submission of the bids. It also challenges the right of Atlantic City to reject any and all bids.[1]

Atlantic City publicly advertised for bids for the placement of shelters at jitney stops in the city, reserving the right to reject all bids. The city had apparently attempted this procedure on two earlier occasions. Only two bids were received on February 13, 1990: one from Gannett and one from Sidewalk Shelters. Since the city failed to take action within the 60 day time period contained in *N.J.S.A.* 40A:11–24, the bids were considered rejected. See *Casey Auto Parts v. City of Camden*, 218 *N.J.Super.* 255, 527 *A.2d* 505 (Law Div.1987).

Gannett filed a complaint in lieu of prerogative writs and thereafter unsuccessfully moved for summary judgment. The judge sustained Atlantic City's rejection of Sidewalk Shelters' bid for failure to provide the required bid security. He also upheld the rejection of Gannett's bid by the governing body's adoption of a resolution on June 6, 1990 to that effect, although this was beyond the 60–day provision for the award of a contract as specified in *N.J.S.A.* 40A:11–24.

Gannett argues that at a minimum it is entitled to reasons why its bid was not awarded and a hearing before the city council with respect to those reasons. It additionally argues that based upon the record before the court, the trial court should have granted its summary judgment motion and awarded the contract to it.

Atlantic City had reserved the right in its bid specifications to reject all bidders. In addition, *N.J.S.A.* 40A:11–6.1 provides, regarding purchases or contracts, that if the govern-

---

[1] At oral argument before the trial court, Gannett's attorney advised the judge that he was not advocating a hearing and was not sure what that would accomplish, except that reasons would be given.

mental entity determines that extraordinary, unspecifiable service makes it impractical to solicit competitive bids, or circumstances exist such that the award of the bid is not made on the basis of the lowest quotation received,[2] a statement or explanation of reasons should be filed. This statute does not by its terms require the filing of a statement of reasons if all bids are rejected. It provides:

> All purchases, contracts or agreements which require public advertisement for bids shall be awarded to the lowest responsible bidder.
>
> Prior to the award of any other purchase, contract or agreement, the contracting agent shall, except in the case of the performance of professional services, solicit quotations, whenever practicable, on any such purchase, contract or agreement the estimated cost or price of which is $1,000.00 or more, and the award thereof shall be made, in accordance with sections 3 (C. 40A:11-3) or 4 (C. 40A:11-4), as the case may be, of the Local Public Contracts Law, on the basis of the lowest responsible quotation received, which quotation is most advantageous to the contracting unit, price and other factors considered; provided, however, that if the contracting agent deems it impracticable to solicit competitive quotations in the case of extraordinary, unspecifiable service, or, in the case of such or any other purchase, contract or agreement awarded hereunder, having sought such quotations determines that it should not be awarded on the basis of the lowest quotation received, the contracting agent shall file a statement of explanation of the reason or reasons therefor, which shall be placed on file with said purchase, contract or agreement. [*N.J.S.A.* 40A:11-6.1].

*Casey Auto Parts v. City of Camden, supra,* upon which Gannett relies in its argument that it is entitled to a hearing, did not rely on any statutory authorization for that hearing. We decline to follow *Casey* when there is a rejection of all bids, as contrasted with the rejection of the lowest bid in favor of another bidder who is considered the lowest *responsible* bidder. Moreover, *Casey* expressly noted that the city did not actively exercise its right to reject the bids. 218 *N.J.Super.* at 259, 527 *A.*2d 505.

■ In *Cardell, Inc. v. Tp. of Woodbridge* 115 *N.J.Super.* 442, 280 *A.*2d 203 (App.Div.1971), certif. den. 60 *N.J.* 236, 287

---

[2]This would generally refer to a situation where another bidder was considered the "lowest responsible bidder."

A.2d 733 (1972), we noted that in "limited kinds of circumstances a municipal governing body may reject all bids." Moreover, in *Princeton Disposal Service v. Tp. of North Brunswick*, 154 *N.J.Super.* 488, 489–490, 381 *A.*2d 1220 (App.Div. 1977), we subsequently sustained the rejection of all bids where that right was reserved and the decision to do so was not done in bad faith and was not aimed at eliminating an unfavorable bidder.

■ In the case before us, Atlantic City had reserved the right to reject any and all bids submitted. Although this was the third request for bids, the project was essentially a first time venture for the city. It is evident from the record that Atlantic City had a concern over the disparity of price between the bids. Although Atlantic City failed to set forth the specific reasons for the rejection at the time, the record sufficiently discloses that there was a concern, after the disqualification of the bid of Sidewalk Shelters, because of its failure to submit a consent of surety, that there was a lack of competition. Clearly, a municipality should not be required to accept a bid if there is only one bid, or where it considers the price too high, or it decides it may be unwise to proceed with the project. If a municipality were forced to accept a bid, whether or not it gave detailed reasons for the rejection, the potential for the misuse of the bidding statutes to the detriment of local governments and the taxpayers is obvious. There would be an opportunity for collusion by bidders to force a municipality to accept a disadvantageous and unfavorable bid or to defend a rejection against a claim of arbitrariness. This is not a case where the low bid is rejected in favor of a bidder at a higher price. See *Trap Rock Industries, Inc. v. Kohl*, 59 *N.J.* 471, 480, 284 *A.*2d 161 (1971), cert. den. 405 *U.S.* 1065, 92 *S.Ct.* 1500, 31 *L.Ed.*2d 796 (1972).

We find entirely persuasive *Prismatic Development Corp. v. Somerset County*, 236 *N.J.Super.* 158, 166, 564 *A.*2d 1208 (App.Div.1989), where we said:

In its notice for bids, the County reserved the right to reject any and all bids. In the event the low bid made by Turner cannot be awarded, the County seeks to reject all the bids and rebid the contract. This is its right. *See Princeton Disposal Serv. v. Tp. of No. Brunswick,* 154 *N.J. Super.* 488, 490 [381 *A.*2d 1220] (App.Div.1977); *Cardell v. Tp. of Woodbridge,* 115 *N.J.Super.* 442, 450–451 [280 *A.*2d 203] (App.Div.1971), certif. den. 60 *N.J.* 236 [287 *A.*2d 733] (1972); *Cubic Western Data v. New Jersey Turnpike Authority,* 468 *F.Supp.* 59, 70–71 (D.N.J.1978).

Even if we considered that Atlantic City did not have an absolute right to reject all the bids, despite the reservation to that effect in the bid specifications, the circumstances found by the lower court warranted rejection of the bids. They included the fact that this was essentially a first time venture for Atlantic City and that it had the discretion to abandon the project. Moreover, the judge noted the disparity in the bid prices received and that the city had no prior estimate for the cost of the project.

Affirmed.