MARY E. FETTERS and CARL E. WIDELL and WILBERT E. WIDELL, trading as CARL E. WIDELL & SON,

*vs.*

THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, and HERBERT B. MEARNS, CHARLES P. MARONEY and STANLEY B. HEARN, constituting THE BOARD OF WATER COMMISSIONERS FOR THE CITY OF WILMINGTON.

*New Castle, April 6, 1950.*

*E. Ennalls Berl,* of the firm of Southerland, Berl & Potter, and *Harry Rubenstein,* for plaintiffs.

*August F. Walz,* City Sòlicitor, and *Januar D. Bove, Jr.,* Assistant City Solicitor, for defendants.

SEITZ, Vice Chancellor. Plaintiff, Fetters, is a resident real estate owner and taxpayer of the City of Wilmington.

Plaintiffs, Carl E. Widell & Son, are a partnership engaged in the construction and contracting business with their principal office in Haddon Heights, New Jersey. Reference to "plaintiffs" will include only Widell & Son unless otherwise indicated. The Mayor and Council of Wilmington, a municipal corporation, and the three individuals constituting the Board of Water Commissioners for the City of Wilmington through the agency of the Commissioners "defendants" I shall refer to the Commissioners only unless otherwise indicated.

This suit arises out of the failure of the Board of Water Commissioners (defendants) to award a contract to the plaintiffs although they allegedly submitted the lowest and best bid for the work encompassed within the request for bids. The allegations of the complaint, taken to be true for purposes of disposing of defendants' motion to dismiss, may be stated chronologically.

Plaintiffs, being advised that the Mayor and Council of Wilmington through the agency of the Commissioners intended to let a contract for the furnishing and installation of pumping equipment and pumping station improvements, wrote to the Commissioners' consulting engineers requesting the plans and specifications necessary to furnish a bid thereon and enclosed $20 for such materials. The engineers furnished plaintiffs with the plans and specifications; a copy of the specifications, etc., is attached as an exhibit to the complaint.

Based on the plans and specifications obtained, plaintiffs made a study of the work to be done, and on or about December 14, 1949, furnished the Commissioners with a sealed bid in the sum of $393,570. This bid was in full compliance with the plans and specifications. The bid was accompanied by a certified check for $20,000 and a performance bond in the full amount of the bid as required.

The bid was delivered to the Commissioners sitting in open session. Following the delivery of the bid, and on the

same day, the plaintiffs' bid and other bids on the same project were opened by the Commissioners who thereupon announced through their president that plaintiffs had submitted the low bid. This did not, of course, constitute the awarding of the work to plaintiffs.

On or about December 28, 1949, plaintiffs received a telephone call from the Commissioners' Chief Engineer advising them that the contract had been awarded to another bidder. This call was the only notification received by plaintiffs that they would not be awarded the work. Plaintiffs allege that this notice was *ex post facto,* informal and unofficial, and that the notification made no suggestion as to the incompetency of plaintiffs to undertake the project. On the contrary, the impression was given that the Commissioners considered them to be competent. No hearing of any kind, of which plaintiffs were advised, was held.

Plaintiffs allege that the Commissioners had no right in law to award the contract to another bidder, but were required under the Delaware law to award the bid to the plaintiffs, who complied fully with the requirements of the applicable statute in that they were the lowest and best bidder upon the project.

Plaintiffs allege that they have been continuously engaged for a period of approximately thirty years in the business of construction and contracting, and have, during that period, bid upon and completed numerous projects for private corporations and public bodies in New Jersey and Pennsylvania and at least in one previous instance in Delaware. The project here involved is of a type and character as to which plaintiffs have had much experience and plaintiffs are in every way qualified to undertake and complete the project. Finally it is alleged that no substantial work has yet been done under the award.

Plaintiffs pray for an injunction restraining the defendants from permitting the prosecution and completion

of the work under the project by the bidder receiving the award and they also pray for a mandatory injunction requiring the defendants to award the contract to the plaintiffs.

Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement. The parties agreed that the motions should stand to the complaint as amended. This is the decision thereon.

It is conceded that the applicable statute is found in 17 *Delaware Laws, Chapter* 205, § 8, *Revised Code of Wilmington,* 1942, *Chapter* 4, *Paragraph* 233. Insofar as pertinent that statute provides:

"* * * The doing of all work and the furnishing of all materials and supplies for the water works shall be let out by the Board of Water Commissioners to the lowest and best bidder, except in cases where it is not practicable to do such work or furnish such materials and supplies by contract."

Both sides tacitly concede that this provision is binding on the Commissioners. The question first presented is the meaning of the language "lowest and best bidder" as it relates to the duty of the Commissioners.

In a sense, of course, the "lowest" factor is a part of the "best" factor. However, in the ordinary case the "lowest" element refers solely to a monetary figure and it is not suggested that it should be treated otherwise here.

We turn now to a consideration of the import of the word "best" in the present statute. In *Revised Vol. 3, McQuillin on Municipal Corporations,* (2d Ed.), § 1330, it is stated:

"* * * Who is the 'best' bidder is not susceptible of definition, and in such cases the matter is left to the discretion of the officers awarding the contract. When the officers have exercised their discretion in the award of the contract, the presumption obtains that such action was regular and lawful, and such presumption can be overcome only by proof, that the officers acted without justification or fraudulently."

The nature and the scope of the work for which bids have been requested may clearly demonstrate that a particular bidder is the "best" bidder. As a practical matter, however, I believe that the "best" requirement only demands a good faith exercise of discretion on the part of the awarding body. In this sense it differs little from the "lowest responsible bidder" requirement found in many statutes dealing with this subject. As I see it, "best" as here employed differs from "responsible" only in the sense that it gives even greater emphasis to the discretionary power of the Commissioners.

Plaintiffs insist that this court should follow the view adopted by New Jersey under its "lowest responsible bidder" statute, *N.J.S.A.* 40:50-1. When the bid is not awarded to the lowest bidder, New Jersey appears to require a formal hearing on notice to the low bidder and proof by the awarding body that the "lowest" bidder is not a responsible bidder before the work can be awarded to a higher bidder. E.g., see *Sellito v. Cedar Grove Tp.*, 132 *N.J.L.* 29, 38 *A.2d* 185; *Id.*, 133 *N.J.L.* 41, 42 *A.2d* 383. These requirements seem to have been judicially imposed. However, the New Jersey rule is distinctly a minority view and despite its possible wholesomeness, I believe that if such requirements are to be imposed they must be found in or fairly implied from the language of the statute. They do not appear in the present statute. Consequently, allegations in the complaint that plaintiffs received no formal notice of or suggestion that plaintiffs were incompetent to do the work, or that there was no hearing of which plaintiffs were advised, do not state a cause for action because defendants had no duty to do the things alleged.

While statutes dealing with the subject of bidding fall generally into three classifications,[1] the authorities, with New Jersey a notable exception, hold quite uniformly that

---

[1] See *Revised Vol. 3, McQuillin Municipal Corporations, 2d Ed.,* § 1330.

such statutes vest a broad discretion in the awarding body. They indicate that the awarding body may very properly consider skill, ability, integrity, etc. They further hold that the honest discretion vested in the awarding body will not be interfered with by the courts unless it can be shown that the awarding body has been guilty of fraud or bad faith, or unless it has failed to exercise its discretion, or in exercising it, has given substantial weight to factors which were not legally proper matters for its consideration. See *Lynch v. Town Council of Georgetown*, 21 *Del. Ch.* 25, 29, 180 *A.* 594; *Osborn v. Mitten*, 39 *Ariz.* 372, 6 *P.2d* 902; *Pearlman v. City of Pittsburgh*, 304 *Pa.* 24, 155 *A.* 118; *Burland Printing Co. v. LaGuardia*, 9 *N.Y.S.2d* 616. I adopt those principles in this case. However, I think it clear that an awarding body assumes a grave responsibility when it rejects the lowest bid in the absence of weighty relevant reasons for so doing—otherwise the protection afforded the taxpayer by the statute becomes a mockery.

Under our statute it will be presumed, in the absence of proper proof to the contrary, that the Commissioners discharged their function legally when they awarded the work to one who was not the "lowest" bidder. We must look then to the allegations of the complaint to see what charges are leveled against defendants.

Plaintiffs tacitly conceded at the oral argument that they did not rely on actual fraud.

Plaintiffs allege in substance that they are experienced in and competent to do the type of work for which defendants requested bids. They allege that the work was unlawfully awarded to another bidder because they allege that they were the "lowest and best bidder". There is no allegation that defendants failed or refused to consider all the bids; that defendants failed or neglected to investigate the qualifications, etc., of the various bidders; or that defendants acted in bad faith. Indeed, there is a complete absence of any allegations charging the Commissioners with a failure to exercise discretion or with an abuse in its

exercise. Such charges cannot be fairly implied from the allegations that plaintiffs were the lowest and best bidders and competent to do the work.

Statutes dealing with bidding on public work are to be construed in the light of their primary purpose—to protect the public against the wasting of its money. These statutes seek to prevent waste through favoritism and yet permit proper supervision over the qualifications of the bidders. Thus, there is the desire to see that public officials have public work done as cheaply as possible. There is also the desire to see that the work is awarded to one capable of doing it and doing it properly. While these objectives might be better attained by some other procedure, it is not the function of the court to usurp the discretion which the Legislature has reposed in the designated official body. When the action of an awarding body is attacked in a legally sufficient manner, the court's function is to see whether the discretion given was fairly exercised.

Since the present complaint does not allege fraud, illegality, bad faith, failure to exercise discretion or abuse thereof on the part of the Commissioners, the complaint must be dismissed for failure to state a claim upon which relief can be granted. In view of my conclusion it becomes unnecessary to consider, *inter alia*, the effect in this case of the provision in the request for bids reserving the right "to reject any or all bids". Compare *Keogh v. Mayor and Council of Wilmington*, 4 *Del.Ch.* 491.

An order accordingly will be entered on notice.

Note. For opinion on motion to dismiss amended complaint see *post p.* 338, and for opinion on final hearing, see *post p.* 364.