**C & D CONTRACTORS, INC., a corporation of the State of Delaware, Plaintiff,**

v.

**DELAWARE TECHNICAL AND COMMUNITY COLLEGE, a State Agency, et al., Defendants.**

Court of Chancery of Delaware, New Castle.

March 28, 1974.

Stanley William Balick, Wilmington, for plaintiff.

Lester J. Taufen, Deputy Atty. Gen., Wilmington, for defendants.

BROWN, Vice Chancellor.

Plaintiff, C & D Contractors, Inc., is engaged in the business of mechanical contracting and construction, and has brought this action against the Defendant, Delaware Technical and Community College, a State agency, and its board of trustees (hereinafter referred to collectively as "Del Tech") to permanently enjoin Del Tech from awarding certain mechanical construction work on its Kent County campus, as designated in bid specifications put out during October 1973, to anyone other than the Plaintiff. A preliminary injunction was previously issued in favor of Plaintiff. This is a decision after final hearing.

At the heart of the controversy is the question of whether or not a State agency, under the prevailing bidding statutes as found in 29 Del.C. Ch. 69, can legally require mechanical contractors bidding on a project to submit as part of their respective bids certain design plans and specifications for a portion of the mechanical work to be performed and make the submission of such plans and specifications along with and at the time of their bids a prerequisite to the validity of the bids.

One statute applicable to this issue is 29 Del.C. § 6905(b) which provides as follows:

"When an agency proposes to contract for any work to be done and the probable cost of such contract exceeds $10,000, *the agency shall prepare suitable plans and specifications for such work,* and shall prescribe such other terms and conditions as it deems necessary." (Emphasis added)

The other is 29 Del.C. § 6908 which provides, in pertinent part, as follows:

"The bids shall be publicly opened at the time and place specified and the contract shall be awarded within 30 days thereafter by the agency . . . in accordance with regulations prescribed by the agency, to the lowest responsible vendor unless, in the opinion of the agency or its delegated representative, the interest of the State shall be better served by the awarding of the contract to some other vendor, which may then be done, provided the agency shall set down in its minutes the reason or reasons for granting the contract to the person other than the lowest responsible vendor, and clearly describing how the interest of the State shall be better served by awarding the contract to other than the lowest vendor."

Also to be considered is the following requirement contained in the bidding specifications made available to prospective bidding contractors:

"a. Submittals with Bid: Refer to Proposal Forms.

(1) Single line ductwork and diffuser layout showing duct sizes, sound treatment, insulation, variable volume boxes, and diffusers by size and model number. Ductwork shall be sized by the static regain method. A copy of the calculations shall be submitted with the proposal.

(2) Single line piping showing sizes and all auxiliaries by size and model number.

(3) Boiler Room layout.

(4) Refrigeration Room layout.

(5) Penthouse layout.

(6) Required submittals in addition to shop drawings are: Del Tech—Kent Campus Exhaust fans, grilles, and registers for non-systems ceilings, insulation, and other items or equipment specified herein or shown on drawings."

Only the Plaintiff and two others submitted bids and Plaintiff's bid of $390,000 was low by a margin of $24,212. Plaintiff admittedly is technically competent, financially responsible and organizationally capable of performing the work. However, Plaintiff purposely submitted no design plans and specifications as called for by the bidding requirements, although it did offer to submit these documents prior to the expiration of the 30 day period during which the contract was to be awarded.

Del Tech has chosen to handle this project under the construction management concept. Under this approach there is no general contract and the entire job is not awarded by means of a single bid. Rather Del Tech employs a construction manager which, acting in concert with the architect and engineer employed by the agency, supervises and manages the sequence of construction. Under this process, individual contracts are offered for bid and awarded directly to those who will do the work as the construction progresses. This permits certain phases of construction to commence while plans and preparations for later phases are still on the drawing board and, according to Del Tech, enables construction to be completed much faster and with less expense than was possible 'under the traditional proceeding of designing the entire project in advance and awarding a single contract to one general contractor who would then be responsible for the performance of much of the work through various subcontractors. In short, and perhaps overly simplified, construction management permits the owner to deal directly with those who would probably have been subcontractors under the traditional approach and to do so as their services become necessary.

After the bids were opened in this matter, it was the recommendation of the construction manager that the contract be awarded to the second lowest bidder due to a determination that the low bid of Plaintiff, unaccompanied by the required design plans, was incomplete and therefore not acceptable. Pursuant to 29 Del.C. § 6908 the 30 day period within which the contract was required to be awarded would have expired on December 28, 1973. As the result of a snowstorm, the December monthly meeting of Del Tech's trustees was cancelled, but the individual members of the board were canvassed by a representative of the construction management team and a majority of them agreed to the aforesaid recommendation. The next lowest bidder, which did submit the required design drawings, was notified that it would be awarded the contract.

By letter dated January 9, 1974, Plaintiff was advised that the contract had been awarded to the second lowest bidder. On January 15, 1974, Del Tech's board of trustees met and, among other things, adopted the following resolution:

"Be it resolved that *Contract # 14* is awarded to I. D. Griffith, Inc., the second low bidder for the sum of $414,212.-00. This award is made in view of the fact that the apparent low bidder, C & D Contractors, Inc., submitted a proposal that was incomplete and did not meet specifications as outlined in *Bid Pac-B Technical Specifications, Construction of Phase I, Kent Campus.*

"This action is deemed to be in the best interest of the State of Delaware."

Plaintiff attacks these circumstances from two separate angles, one substantive and the other procedural. First it contends that the present law pertaining to public works contracts does not permit a State

agency to require that design work be supplied by a contractor as a condition to having its bid considered. It argues that this is an impermissible attempt by Del Tech to delegate part of its responsibility to prepare adequate plans and specifications under 29 Del.C. § 6905(b) to those who are not qualified to do it. It also argues that such a requirement is discriminatory against the smaller contractors who do not have mechanical engineers on their staffs and who cannot afford the substantial cost of hiring an engineer to do the design work on the chance that they will be awarded the contract. Indeed, Plaintiff offered the testimony of three mechanical contractors who stated that they did not bid on the Kent contract because they either could not afford the engineering work or could not obtain the necessary plans within the time allotted between advertisement and bid opening. It is also significant to note from the evidence that the second lowest bidder here may well be the only mechanical contractor in the State with a registered mechanical engineer on its staff.

Secondly, Plaintiff contends that the attempted award of the contract was invalid because (1) the Del Tech board did not convene at a timely meeting open to the public to consider and make its decision as required by 29 Del.C. § 5109; (2) the board did not meet prior to the expiration of the 30 day period to award the contract and set forth in its minutes its reasons for rejecting the low bidder as required by 29 Del.C. § 6908; and (3) as admitted by the testimony of the State Architect, the "mechanical plans, specifications and cost estimates" were not submitted to the State Architect prior to bid advertisement as required by the Capital Improvements Act of 1974 (59 Del. Laws Ch. 223).

In the view I take of the case, it is unnecessary to consider these latter procedural objections.

■ It is well established that statutes dealing with bidding on public work must be construed in light of their primary purpose, namely, to protect the public against the wasting of its money. Fetters v. Mayor and Council of Wilmington, Del.Ch., 31 Del.Ch. 319, 72 A.2d 626 (1950); W. Paynter Sharp & Son, Inc. v. Heller, Del. Ch., 280 A.2d 748 (1971). It is also without question that a State agency can impose its own conditions as to the form and content of an acceptable bid so long as they do not violate any statutory mandate and are valid conditions. The test is whether a condition of bidding, when voluntarily imposed and not required by statute, violates the purpose of the bidding statute which commands that public contracts be awarded to the lowest responsible bidder. Ebbeson v. Board of Public Education in Wilmington, Del.Ch., 18 Del.Ch. 37, 156 A. 286 (1931).

■ The condition imposed here is one which requires a mechanical contractor intending to bid on the work to submit his own design plans and specifications as to how he would complete a portion of it. According to the engineer employed by Del Tech who was responsible for preparing the bid specifications, it required the bidder to design how he would run the piping and ductwork in the building so as to utilize the mechanical equipment he would propose to use so as to thereby meet the performance standards set forth in the bid specifications. In other words, the heating and air conditioning system was not fully designed or specified by Del Tech.

Del Tech's position is that this enables the State to take advantage of the practical expertise of those who actually do the installation work and to profit by their day-to-day experience and current knowledge of available manufacturer's products and methods. It argues that this necessarily causes the bidder to design the work in a way which will do the job at the least possible cost in order to enhance his chances of submitting the low bid. Thus, in theory, by shifting a portion of the design work to those who actually do the installa-

tion, the State gets a better result at a cheaper price. This may or may not be true.

It is without question, however, that it does result in a situation where all bidders are not bidding on the same thing. When this occurs, the law is clear. As stated in 64 Am.Jur.2d 901, Public Works And Contracts § 50:

"When public contracts for the performance of work, the construction of buildings and other improvements, or the supplying of materials are required to be let only upon competitive bidding, it is essential, and usually expressly required by statute or ordinance governing the letting of such contracts, that plans, specifications, and estimates be prepared in advance and filed or given out to all persons interested in the bidding, sufficiently definite and explicit to enable them to prepare their bids intelligently on a common basis."

\*   \*   \*   \*   \*   \*

"Public authorities cannot lawfully ask each bidder to make his own plans and specifications and to base his bid thereon, and then, after the bids are received, adopt one of the offered plans with its specifications and accept the accompanying bid. Such a procedure would be destructive of competitive bidding and would give public officials an opportunity to exercise favoritism in awarding contracts. A contract cannot be said to have been let to the lowest and best bidder unless all bidders have been invited to bid upon the same specifications."

The situation here falls squarely within this general prohibition. See also Little v. Southgate, 223 Ky. 735, 4 S.W.2d 711 (1928); Sweezey v. Mayor of Malden, 273 Mass. 536, 174 N.E. 269 (1931); Superior Incinerator Co. of Texas v. Tompkins, (Tex.Civ.App.) 37 S.W.2d 391, aff'd (Tex.Com.App.) 59 S.W.2d 102 (1931).

In addition, however, I would make the following observations. Plaintiff contends that the requirement that the mechanical contractor submit design plans is discriminatory against the smaller contractor who, although otherwise responsible, cannot afford to gamble the cost of such engineering work on the chance that he will be low bidder. There was testimony that the cost of the engineering work to a bidding contractor here would have been in the vicinity of from $3,000 to $5,000.

Del Tech offered testimony to the effect that the plans and specifications called for did not necessarily have to be prepared by a registered engineer. However, it appears that the Plaintiff's position is correct. By 24 Del.C. § 2822, effective July 1, 1972, it is provided as follows:

"The State, its political subdivisions, agencies, commissions, and authorities shall not solicit or receive proposals for or engage in the construction of public works involving the practice of engineering, unless the engineering drawings and specifications and estimates have been prepared by . . . a registrant or permittee."

A "registrant" is defined as a person registered as a professional engineer and a "permittee" is an individual, corporation or partnership holding a temporary permit to practice engineering issued by the Council of the Delaware Associations of Professional Engineers. 24 Del.C. § 2803.

By the testimony of Del Tech's own engineer, the mechanical engineering and design work was not fully completed, and the bid specifications called for completion thereof by the bidders. Thus, it seems clear that prospective bidders needed the assistance of a registered professional engineer if they were to comply with the law in meeting the bid requirements.

▮ Where a non-mandatory bidding requirement imposed by a State agency compels a prospective bidder to lay out a substantial sum to obtain material to be included in his bid in order to fulfill an obligation primarily reposed in the State agen-

cy by statute, and which thereby discourages otherwise responsible contractors from bidding, it obviously does not promote competitive bidding and thereby defeats the very purpose of the bidding statutes. As such, it should not be countenanced.

In conclusion, it may well be that the overall achievement intended by Del Tech has merit and possibly there is a means whereby it can be worked into our laws. Even Plaintiff does not oppose the construction management concept provided the design and engineering aspects are fully assumed by the State. However, under our present statutes and the existing law, I do not feel that it can be legally accomplished in the manner here attempted.

The permanent injunction will issue enjoining the award of the contract to either bidder other than C & D Contractors, Inc., although this is not to be construed as a directive to make the award to the Plaintiff. In all probability, the work will have to be bid again.

Plaintiff shall present an order, on notice, within ten (10) days.