**DELAWARE TECHNICAL AND COMMUNITY COLLEGE, an Agency of the State of Delaware, et al., Defendants below, Appellants,**

v.

**C & D CONTRACTORS, INC., a corporation of the State of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Feb. 10, 1975.

Decided April 16, 1975.

Lester J. Taufen, Deputy Atty. Gen., Wilmington, for defendants below, appellants.

Stanley William Balick, Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This appeal arises from an action brought by a contractor to enjoin a State Agency from awarding a certain construction contract to any other contractor. The Chancery Court granted a permanent injunction. The State Agency appeals.

The facts and the Statutes involved are set forth in the opinion below which is reported at 318 A.2d 142. Reference is made thereto for the sake of brevity.

We find the record in this case insufficient to support the judgment below in that there is no finding that the plans and specifications, taken as a whole, did not as a matter of fact permit free, open, and competitive bidding.

■ The primary purpose of statutes governing bidding on public works is to protect public funds. Fetters v. Mayor and Council of Wilmington, 31 Del.Ch. 319, 72 A.2d 626 (1950); W. Paynter Sharp & Son, Inc. v. Heller, Del.Ch., 280 A.2d 748 (1971).

The requirement of 29 Del.C. § 6905(b) that the Agency "prepare suitable plans and specifications" for the work must be read in the light of that primary purpose. That purpose is best served when the public contract is awarded to the lowest responsible bidder. Ebbeson v. Board of Public Education in Wilmington, 18 Del.Ch. 37, 156 A. 286 (1931). It follows that "suitable" plans and specifications, within the meaning of § 6905(b), are only those which are sufficiently complete, definite, and explicit as to permit free, open, and competitive bidding on a common basis. There is no statutory requirement, and the word "suitable" may not be stretched to create the requirement, that plans and specifications be 100% complete. Plans and specifications issued under public bidding laws are not necessarily invalidated because they include flexible areas calling for responsive submissions. 10 McQuillin Municipal Corporations, § 29.56, p. 383; Corcoran v. City of Philadelphia, 363 Pa. 606, 70 A.2d 621 (1950); Stoll v. Mayor and City Council of Baltimore, 163 Md. 282, 162 A. 267 (1932). Nor are public works plans and specifications necessarily invalidated because each and every prospective bidder may not be in a position to start out upon an equal basis in responding to the invitation to bid. The bidding process itself is often an expensive and time-consuming undertaking which may eliminate busier or smaller prospective bidders.

■ The statutory test applicable in this case, under the "suitable" plans and specifications requirement of § 6905(b), is not whether all prospective bidders were in equal positions with equal capabilities to submit bids; the test is whether the plans and specifications were sufficiently definitive to permit free, open, and competitive bidding on a common basis. This is a factual issue which must be resolved by the Trial Court. The cause must be remanded for a finding on that factual issue.

Remanded for further proceedings in accordance herewith.

Jurisdiction reserved.